**James A. KING, a/k/a James A. King-Bey, Plaintiff-Appellee,**

v.

**W. J. KENNEY, Warden, Norman Carlson, Director United States Bureau of Prisons, Defendants-Appellants.**

No. 80–2777.

United States Court of Appeals, Seventh Circuit.

Submitted May 27, 1981.

Decided March 4, 1982.

Maureen F. Walsh, Sidley & Austin, Chicago, for plaintiff-appellee.

Jimmy Gurulé, Dept. of Justice Criminal Div., Washington, D. C., for defendants-appellants.

\* Honorable Daniel Holcombe Thomas, Senior District Judge for the Southern District of Ala-

Before BAUER and WOOD, Circuit Judges, and THOMAS, Senior District Judge.\*

DANIEL HOLCOMBE THOMAS, Senior District Judge.

In this case James A. King (a/k/a James A. King-Bey) was sentenced on November 17, 1972, under the Youth Corrections Act (YCA) pursuant to 18 U.S.C. § 5010(c), to a ten-year term of imprisonment for bank robbery, 18 U.S.C. § 2113(d). The YCA sentence was imposed by the United States District Court for the Eastern District of Missouri. King commenced service of his federal sentence and was paroled under the YCA on November 12, 1975. While on parole King was charged with attempted robbery, Mo.Rev.Stat. § 560.120 (1969), and four counts of exhibiting a dangerous weapon, Mo.Rev.Stat. § 564.610 (1969), under the Missouri criminal code. He was convicted on these charges on June 29, 1978, and the Circuit Court of St. Louis (State Court) imposed a nine-year adult sentence to run consecutive to his federal sentence. King was 27 years of age when sentenced as an adult. On June 29, 1978, the Federal Parole Commission revoked King's parole and he was confined at the United States Penitentiary at Terre Haute, Indiana, to serve the balance of his federal sentence.

King thereafter filed a petition for writ of habeas corpus with the District Court for the Southern District of Indiana, Terre Haute Division, alleging that he had been denied certain benefits afforded him under his YCA sentence. Specifically, that upon the revocation of his parole he was confined at the Terre Haute Federal Penitentiary which is neither a YCA institution, nor contains a YCA unit. King maintains that in spite of his subsequent state criminal conviction and the imposed nine-year adult consecutive state sentence, his incarceration with adult non-YCA offenders at Terre Haute violates 18 U.S.C. § 5011, of the Act which requires that youth offenders be segregated from adult offenders "insofar as practical."

bama, is sitting by designation.

■ The habeas corpus petition was granted by the United States District Court for the Southern District of Indiana. The Court found that the Bureau of Prisons' Program Statement 5215.2 providing that all YCA offenders with subsequent adult sentences be denied YCA placement was contrary to the Act and thereby invalid. We agree. The Act affords the offender with a judicial "no benefit" hearing before such a determination can be reached.

On March 5, 1981, this Court decided the case of *Robinson v. Ralston*, 642 F.2d 1077 (7th Cir. 1981), in which it stated:

The issue in this appeal is whether a youth offender serving a sentence imposed under the Federal Youth Corrections Act (YCA), 18 U.S.C. § 5005 *et seq.*, must be treated according to the terms of the YCA after he has received two subsequent adult sentences to run consecutive to his YCA sentence. We hold that under the provisions of the YCA, petitioner-appellee, must be treated pursuant to the YCA until the termination of his YCA-imposed sentence despite his subsequent sentencing as an adult.

The appeal in the *King* case was argued before this court on May 27, 1981, at which time the Supreme Court had granted certiorari in *Ralston*. We therefore withheld our decision in *King* until the Supreme Court ruled on *Ralston*. On December 2, 1981, the Supreme Court in reversing the Seventh Circuit in *Ralston v. Robinson*, —— U.S. ——, 102 S.Ct. 233, at 236, 70 L.Ed.2d 345 (1981), stated:

We granted certiorari in this case, ... to decide whether a youth offender who is sentenced to a consecutive adult term of imprisonment while serving a sentence imposed under the Federal Youth Corrections Act ... must receive YCA treatment for the remainder of his youth sentence.

The Supreme Court then stated:

We conclude that the YCA does not require such treatment if the judge imposing the subsequent adult sentence determines that the youth will not benefit from further YCA treatment during the remainder of his youth sentence.

The facts in the *King* case are different from those in *Ralston*, in that King's subsequent sentence as an adult was in a State court and with Robinson it was a Federal court.

At page ——, 102 S.Ct. at page 240 in *Ralston*, the Supreme Court stated:

We do not read that language (§ 5011 YCA) as requiring the judge to make an *irrevocable* determination of segregation or treatment needs, or as precluding a subsequent judge from redetermining those needs in light of intervening events.

■ In *Ralston*, it is carefully pointed out that the Act does not give the Bureau any discretion in modifying the basic terms of treatment that a judge imposes under 5010 or 5011.

The purposes of the statute, however, revealed in its structure and legislative history, compel the conclusion that a court faced with a choice of sentences for a youth offender still serving a YCA term is not deprived of the option of finding no further benefit in YCA treatment for the remainder of the term.

Under § 5010(d), a court sentencing an offender who is serving a youth term may make a 'no benefit' finding and then 'sentence the youth offender under any other applicable penalty provision.' A judge is thus authorized to impose a consecutive adult term, as the second judge did in this case.

While the Supreme Court held that the YCA permits a second federal sentencing judge to make a determination of whether the YCA offender would continue to benefit from YCA treatment for the duration of his YCA term, certainly it follows that the federal sentencing judge, or his successor, Rule 25(b), Federal Rules of Criminal Procedure, who imposed the original YCA sentence could properly make this determination.

Accordingly, the decision of the District Court is REVERSED and the case is REMANDED to the lower court (E.D. of Missouri) for a "no benefit" determination consistent with the Supreme Court's holding in *Ralston*.