**In re Allen D. COATES, Petitioner.**

**UNITED STATES of America**

v.

**Allen Donald COATES, Appellant.**

**Nos. 82–2388, 83–1172.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 18, 1983.
Decided June 28, 1983.

346

Richard Friedman, Washington, D.C., appointed by the Court, for petitioner.

Mary Ellen Abrecht, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for respondent.

Before WALD, Circuit Judge; MacKIN-NON, Senior Circuit Judge; and CELE-BREZZE,* Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit.

Opinion PER CURIAM.

PER CURIAM:

On December 15, 1977, appellant was sentenced to six concurrent ten-year terms of incarceration under the Youth Corrections Act (YCA), 18 U.S.C. § 5010(c) (1976),[1] following his conviction for bank robbery and illegal possession of firearms. When appel-

lant began serving his YCA sentence, the Bureau of Prisons housed youthful inmates in YCA units throughout the Federal Prison System. Appellant resided in a number of those units. In 1982, in response to the decision in *Watts v. Hadden,* 651 F.2d 1354 (10th Cir.1981), the Bureau eliminated the YCA units and designated three institutions exclusively for YCA inmates. As a result, appellant was transferred in 1982 to the Petersburg, Virginia, youth facility, which housed youths requiring greater security.

Throughout his incarceration, the Bureau found appellant to be intractable and disruptive of YCA treatment programs. Appellant received 37 misconduct reports during four-and-a-half years, including many for assault and one for the setting of a fire.

On September 10, 1982, the Director of the Federal Prison System informed the sentencing court by letter of appellant's past conduct and proposed transferring him to an adult facility. On September 21, the sentencing court, through a letter signed by its law clerk at the request of the judge, notified the Director that the court had no objection to the suggested transfer, as the court was of the opinion that appellant would receive no further benefit from continued treatment as a youth offender.

The Bureau promptly terminated YCA treatment for appellant and transferred him to a federal penitentiary at Lompoc, California, where he is presently confined. Coates then filed the instant petitions challenging his transfer. After the above-mentioned exchange of correspondence was entered on the record of appellant's 1977 conviction, appellant filed a notice of appeal. We subsequently granted his motion to expedite and consolidate the appeal with his petitions.

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. 18 U.S.C. § 5010(c) provides:
   If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Commission prior to the expiration of six years from the date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Commission as provided in section 5017(d) of this chapter.

■ Appellant argues that, once a youth offender has begun to serve his sentence, the YCA does not permit the original sentencing court to determine whether the offender would continue to benefit from YCA treatment. The Supreme Court effectively disposed of this argument in *Ralston v. Robinson*, 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981), in which it held that the YCA does not preclude a *subsequent* sentencing court from making that determination and thereby effectively terminating any continuing requirement of YCA treatment under a prior sentence. The Court recognized that when Congress divested the Bureau of Prisons of discretion to modify the basic terms of confinement for youth offenders, Congress must have intended that the sentencing court may exercise that discretion with respect to those offenders whose conduct during incarceration demonstrates their inability to benefit from further YCA treatment. Any other interpretation would result in an inflexible rule requiring the continuation of futile YCA treatment, *id.* at 215, 102 S.Ct. at 242, and the disruption of programs for other offenders who would benefit from YCA treatment.

The present case cannot be distinguished from *Ralston* in any principled way. If a subsequent sentencing court is empowered to make a "no further benefit" finding with respect to an earlier sentence by a different court, it follows that the judge who imposed the original sentence could properly make this same determination. *King v. Kenney*, 671 F.2d 1053, 1055 (7th Cir.1982). We stress, however, that in making such determination the court is not resentencing the youth but merely modifying the terms and conditions of his confinement; the court is thus exercising the same authority with respect to youth offenders that the Bureau traditionally exercises with respect to adult offenders. *See Ralston v. Robinson, supra*, 454 U.S. at 215, 102 S.Ct. at 242.

■ It is also clear that a youth offender's right to segregation and treatment under the YCA constitutes a liberty interest protected by the due process clause of the Fifth Amendment. *See Micklus v. Carlson*, 632 F.2d 227, 238 (3d Cir.1980). All parties now agree that, whatever the extent of the process that is due appellant, a remand is necessary. We leave to the discretion of the district court to fashion in the first instance such procedures as will comport with appellant's right to due process. *See Ralston v. Robinson, supra*, 454 U.S. at 220 n. 14, 102 S.Ct. at 245 n. 14; *Gray Panthers v. Schweiker*, 652 F.2d 146, 166 (D.C.Cir. 1981). The court may wish to order the preparation of a current YCA report pursuant to § 5010(e) to assist in its deliberations.

We recognize the broad discretion enjoyed by the court on remand to resolve the situation. We suggest that the court act as expeditiously as possible. If the court requires Coates' presence in this jurisdiction, this may be accomplished by a transfer or by writ of *habeas corpus ad prosequendum*. If the court deems modification of the conditions of confinement a likely result, we also suggest that the court consider the necessity of allowing a prior opportunity to allocute. Although, as we have observed, a "no further benefit" finding does not rise to the level of a resentencing, there attach to the modification of the terms of confinement sought by the government such incidents of the sentencing process as might trigger appellant's right to prior allocution.

On consideration of the foregoing, it is hereby

ORDERED and ADJUDGED, that the petition for a Writ of Mandamus and the petition for a Writ of Prohibition are DENIED; and it is further

ORDERED and ADJUDGED, that the cause is hereby REMANDED to the United States District Court for the District of Columbia for further proceedings consistent with the foregoing; and it is further

ORDERED, that the Clerk shall issue the mandate herein forthwith.

*Judgment accordingly.*