**Raymond COATES, Petitioner-Appellant,**

v.

**William F. SMITH and Harold G. Miller, Respondents-Appellees.**

No. 83–1824.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 1, 1983.

Decided Oct. 17, 1984.

James N. Cahan, Sidley & Austin, Chicago, Ill., for petitioner-appellant.

Michael C. Carr, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for respondents-appellees.

Before WOOD and CUDAHY, Circuit Judges, and KELLEHER, Senior District Judge.*

KELLEHER, Senior District Judge.

The petitioner-appellant, Raymond Coates ("Coates"), appeals from the order of the District Court for the Southern District of Illinois dismissing a petition for a writ of habeas corpus.

Coates was convicted in the Superior Court for the District of Columbia of assault with intent to commit robbery. Upon his conviction, a sentencing hearing was held and that Court found that since Coates was 17 years old, the benefits of the Federal Youth Corrections Act ("YCA") should be conferred upon him. Coates was then sentenced to 15 years of imprisonment under the YCA ("the first sentence").

Thereafter, while incarcerated at the federal penitentiary in Oklahoma, Coates was convicted of simple assault for there at-

---

* The Honorable Robert J. Kelleher, Senior District Judge, Central District of California, sitting by designation.

tacking a prison official. He was then sentenced by a United States Magistrate to a consecutive three month sentence for which he was determined to be ineligible for benefits under the YCA ("the second sentence"). Subsequent to the time of this second conviction, Coates was no longer afforded the benefits under the YCA, that is, being placed in a youth corrections facility, placed in a youth unit, or segregated from other prisoners in a multi-unit facility.

Coates was then transferred to two other facilities and finally to the federal penitentiary at Marion, Illinois. During this time, he proceeded to file several forms required to exhaust his administrative remedies, but for various reasons the forms were never completed or considered by prison officials. Coates then filed a petition for writ of habeas corpus in the District Court for the Southern District of Illinois. After this petition was filed, the Bureau of Prisons made a request of the District of Columbia judge who first sentenced Coates to declare that the YCA would no longer be of any benefit to Coates. An order to this effect was there entered. Based upon this finding of the sentencing judge, the United States Magistrate then dismissed the petition for writ of habeas corpus on the basis that the no benefit ruling had been issued and that if Coates had any problem with that ruling, the sentencing court was the place to contest it and not the U.S. District Court for the place of confinement. We have for review the correctness of that order dismissing the habeas corpus petition.

■ Once a sentence under the YCA has been imposed, the Act requires that the Bureau of Prisons carry out the mandate of the court with respect to the offender's segregation and treatment needs. *King v. Kenney,* 671 F.2d 1053 (7th Cir.1982).

In *Ralston v. Robinson,* 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981), the Supreme Court held that a defendant sentenced under the YCA is entitled to the rights conferred thereby and cannot be deprived thereof by the administrative action of the Bureau of Prisons. However, the

case holds further that a judge imposing a consecutive adult sentence upon a YCA prisoner for a crime committed after imposition of the youth sentence may, upon a proper no benefit finding, require that the offender also serve the remainder of his previously imposed youth sentence as an adult.

■ Applying the rule of *Ralston* to the case before us requires an answer to this question: Was there in the imposition of the second sentence a proper finding of no benefit under the YCA? The answer to that question is no. In the second sentencing proceeding, no mention was made of the unexpired portion of the first YCA sentence; it was merely "adjudged that the defendant is not eligible for the Youth Corrections Act." That is insufficiently explicit under the rule of *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 885 (1974), which requires that "the sentencing judge considered the alternative of sentencing under the Act and decided that the youth offender *would not derive benefit from treatment under the Act,*" *Id.* at 444, 94 S.Ct. at 3053 (emphasis added).

■ There remains the question of whether the subsequent order of the original sentencing judge of the Superior Court of the District of Columbia finding that Coates would no longer benefit from further treatment under the YCA is effective. We hold that it is without legal effect. That order and the proceedings from which it arose suffer from several defects. It was wholly lacking in procedural due process; the order was entered without a hearing and with no opportunity for petitioner to be heard; it appears from the record to be nothing other than a Bureau of Prisons administrative determination of no benefit arrived at contrary to law. *See Ralston v. Robinson,* 454 U.S. at 215, 102 S.Ct. at 241.

■ The habeas corpus proceeding in the District Court in the district of petitioner's confinement was a proper means of testing the conditions of petitioner's confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 93

S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also King v. Kenney*, 671 F.2d 1053 (7th Cir. 1982).

In dismissing the petition for habeas corpus, the magistrate noted that appellant likely had a constitutional right to the benefits conferred by his YCA sentence. The magistrate noted that the District of Columbia judge's "no benefit" ruling was issued without a hearing.

Though the magistrate thereby recognized the existence of the right and the deprivation of that right without due process, he nevertheless dismissed the petition. His rationale for doing so was that he did not have the authority to review the actions of the District of Columbia judge who issued the no benefit rule. Even if it was in violation of Coates' rights, the federal magistrate considered he was without power to review that order.

The government seeks to support the magistrate's view and argues that pursuant to 28 U.S.C. Section 2255, only the sentencing court can review the sentence. Until the sentencing court has reviewed the sentence, appellees claim that a petition for writ of habeas corpus cannot be considered by another court.

Section 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed in violation of the Constitution or laws of the United States, ... or that the sentence ... is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The purpose of this section was to require a petitioner to challenge his sentence in the court which imposed the sentence, instead of the district court for the district in which he is confined. *Kaufman v. United States*, 394 U.S. 217, 221–22, 89 S.Ct. 1068, 1071–72, 22 L.Ed.2d 227 (1969). Accordingly, the magistrate dismissed the petition saying "there was a finding of no benefit made by that Court, and I don't think it's appropriate for this Court or the Petitioner

in these proceedings to collaterally attack those proceedings. The appropriate form of relief is by appeal of those proceedings...."

■ The appellee has not disputed the argument of Coates that he was deprived of his right without a hearing. The appellee asserts that the magistrate could not by habeas corpus collaterally review the no benefit ruling made by the District of Columbia judge. Appellee contends that under the provisions of 28 U.S.C. Section 2255 only the sentencing court may consider the challenge here made and that the collateral attack provided by that section is the exclusive remedy available and precludes issuance of a writ of habeas corpus, citing *Brown v. Warden*, 351 F.2d 564 (7th Cir.), *cert. denied*, 382 U.S. 1028, 86 S.Ct. 651, 15 L.Ed.2d 541 (1965). Facially the language of the statute supports this view. In cases where the attack is on the sentence imposed, rather than on the manner in which the sentence is executed, this interpretation applies. *See Rivera v. Heritage*, 314 F.2d 332 (5th Cir.), *cert. denied*, 375 U.S. 883, 84 S.Ct. 153, 11 L.Ed.2d 113 (1963); *Sanchez v. Taylor*, 302 F.2d 725, 726 (10th Cir.), *cert. denied*, 371 U.S. 864, 83 S.Ct. 124, 9 L.Ed.2d 101 (1962); *United States v. Duran*, 687 F.2d 348 (11th Cir.1982).

■ However, Coates is attacking not the validity of his sentence but its execution without being afforded the benefits of the YCA. Coates does not complain that his sentence was wrongfully imposed; he complains only that the sentence is being executed without the benefits of the YCA because, after the imposition of that sentence, he was wrongfully deprived of the YCA status without a hearing and therefore without due process. Therefore, since Coates is attacking the execution of the sentence, he is not bound by Section 2255. Since he is not bound by this section, the magistrate erred in dismissing this petition for writ of habeas corpus. The district court was the proper forum in which to file the petition challenging the manner in which the sentence is being executed. The challenge is made, not to the sentence im-

posed, but to the failure to execute it according to its terms.

Accordingly, the order dismissing the petition for writ of habeas corpus is reversed, and the matter is remanded to the district court with directions to grant the writ and thereby afford the relief sought.