**Jerry Wayne WATTS, et al., Petitioners,**

v.

**Larry DuBOIS, Warden, Federal Correctional Institution, Englewood, Colorado; Norman Carlson, Director, U.S. Bureau of Prisons; and Edwin Meese, Attorney General of the United States, Respondents.**

**In the Matter of Charles MOLLOY, Class Member.**

**Civ. A. No. 78–M–495, et al.**

United States District Court, D. Colorado.

Feb. 26, 1987.

Daniel J. Sears, Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo., for petitioners.

Doug Curless, Asst. U.S. Atty., Denver, Colo., Claire Cripe, Gen. Counsel, U.S. Bureau of Prisons, Washington, D.C., Rockne Chickinell, Gen. Counsel, U.S. Parole Com'n, Chevy Chase, Md., John Shaw, Western Regional Counsel, U.S. Bureau of Prisons, Belmont, Cal., for respondents.

## MEMORANDUM OPINION AND ORDER

MATSCH, Judge.

In this class action on behalf of those inmates of the Federal Correctional Institution, Englewood, Colorado who are confined for treatment under the Youth Corrections Act ("YCA"), a challenge has been made to an attempt to transfer inmate Charles A. Molloy to another Bureau of Prisons ("BOP") facility pursuant to a no further benefit finding made by the sentencing judge in the United States District Court for the Eastern District of Missouri. Mr. Molloy filed his individual motion for temporary restraining order and preliminary and permanent injunction and for a writ of habeas corpus, challenging the procedure followed as well as the decision. The procedural issues, involving questions of fundamental procedural due process, as well as the provisions of the YCA, have also been raised on behalf of the entire class. An *ex parte* temporary restraining order was issued on February 9, 1987, and a hearing on the motion for preliminary injunction was held on February 17, 1987.

While this court has no jurisdiction to reconsider the order of the sentencing judge on its merits, the procedural issues are properly raised in this proceeding. This court has reexamined its views expressed in *DeMore v. Department of Justice*, Civil Action No. 86–M–788, and now concludes that the position taken by the Seventh Circuit Court of Appeals in *Coates v. Smith*, 746 F.2d 393 (7th Cir.1984), concerning the relationship between the federal habeas corpus statute, 28 U.S.C. § 2241,

and a motion attacking a sentence under 28 U.S.C. § 2255, is correct.

Charles Molloy was sentenced to an indeterminate term under the YCA, 18 U.S.C. § 5010(b), in the Eastern District of Missouri on August 13, 1982. He was first placed at FCI, Morgantown and was then placed at FCI, Englewood on April 22, 1983 as a disciplinary transfer. After time in a halfway house in St. Louis, Missouri, he was granted conditional release on July 30, 1984. Mr. Molloy was then arrested for violating the conditions of his parole and was returned to FCI, Englewood. Upon arriving at Englewood, Mr. Molloy was informed by a staff member that a no further benefit finding would be sought to enable the BOP to transfer him to another institution.

The Parole Commission conducted a revocation hearing, and by Notice of Action dated October 20, 1986, parole was revoked and Mr. Molloy was given a presumptive release date of November 20, 1987. The ground for revocation of parole was new criminal conduct: driving while intoxicated, possession of marijuana and stealing over $150.00. Mr. Molloy was also prosecuted in Missouri for distribution of marijuana. That offense occurred simultaneously with the 1982 federal offense resulting in his YCA sentence. He was placed on five years probation by state authorities.

On November 26, 1986, the Warden at FCI, Englewood wrote to the Assistant Director, Correctional Programs Division, BOP, requesting authority to seek a no further benefit finding. On December 23, 1986, the Director of the BOP sent a letter to the YCA sentencing judge, advising that the BOP believed that Mr. Molloy could obtain no further benefit from treatment under the YCA, and setting forth the inmate's history. That letter included the following paragraph which is contained routinely in such letters to sentencing judges to obtain no further benefit findings:

As you know, Congress repealed the YCA in the Comprehensive Crime Control Act of 1984. It is our view that this legislative action nullifies any earlier assumption that Congress preferred to have youthful offenders committed under the YCA. Congress not only eliminated future use of the YCA, but also diminished arguments that there were special benefits to be gained from specialized youth sentencing. As a consequence, the number of YCA inmates in federal custody has rapidly declined to such a level that it is no longer feasible to operate any federal facility solely for housing YCA inmates.

Plaintiffs' Exhibit 10.

Mr. Molloy had written his own letter to the sentencing judge, dated November 1, 1986, requesting that the court not grant a no further benefit finding. The judge responded by letter on November 12, 1986, saying that he had no jurisdiction. However, on December 29, 1986, the sentencing judge entered an order reading as follows:

The Court hereby concurs with the assessment made by the Department of Justice that defendant Charles Molloy can no longer benefit from YCA treatment in accordance with the ruling in *Ralston v. Robinson*, 454 U.S. 201 [102 S.Ct. 233, 70 L.Ed.2d 345] (1981).

Plaintiffs' Exhibit 6.

■ The "letter request procedure" used in making the no further benefit finding concerning Mr. Molloy is identical with that followed routinely by the BOP, and the evidence taken with respect to Mr. Molloy is illustrative of the challenged procedure.

In *Ralston v. Robinson*, 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981), the Supreme Court held that a youth offender sentenced to a consecutive adult term of imprisonment for subsequent criminal acts need not be given further YCA treatment if the judge imposing the subsequent adult sentence determines that the youth will not benefit from further YCA treatment during the time to be served under the remainder of the youth sentence. In that case, the no further benefit finding was made by the second sentencing judge, using standard sentencing procedures.

In *United States v. Won Cho,* 730 F.2d 1260 (9th Cir.1984), the court interpreted *Ralston* narrowly, and concluded that a judge may alter a YCA sentence to an adult sentence only when the youth offender is convicted of an additional crime and not when probation is revoked. Other courts have disagreed. For example, the District of Columbia Circuit Court of Appeals determined that a youth offender's conduct during incarceration could be the basis for a no further benefit finding. *In re Coates,* 711 F.2d 345 (D.C.Cir.1983). The court held, however, that the "letter request procedure" was insufficient and remanded the case to the sentencing judge to fashion a procedure that comports with due process. Similarly, in *Coates v. Smith,* 746 F.2d 393, the court held that the "letter request procedure" was invalid, and required a hearing. The court said:

> There remains the question of whether the subsequent order of the original sentencing judge of the Superior Court of the District of Columbia finding that Coates would no longer benefit from further treatment under the YCA is effective. We hold that it is without legal effect. That order and the proceedings from which it arose suffer from several defects. It was wholly lacking in procedural due process; the order was entered without a hearing and with no opportunity for petitioner to be heard; it appears from the record to be nothing other than a Bureau of Prisons administrative determination of no benefit arrived at contrary to law.

This court agrees with the Seventh Circuit Court of Appeals. While the court is aware that providing such hearings will involve administrative and logistic difficulties, the interest in further treatment in segregated YCA housing clearly rises to the level of a liberty interest requiring a full due process hearing before the original sentencing judge. The court has considered alternatives, including some type of hearing at the institution. Yet, upon reflection, the decision is for the sentencing judge and the inmate should be afforded an opportunity to challenge the bases of the BOP's proposal together with a right of allocution.

■ From the data submitted by the BOP at the hearing, it appears that there have been only a few situations in which the YCA inmate disagreed with the request for a no further benefit finding and consequent transfer to an adult facility. Certainly, the right to a hearing can be waived after adequate advisement. In this court's view, such a waiver should be made both orally and in writing. To assure full understanding and avoid contentions of coercion, the inmate should be informed of his right by someone who is not on the institutional staff. An appropriate person is a United States Probation Officer. A suggested form for that purpose is attached as Exhibit A.

■ Because the sentencing judge must make an informed judgment on the BOP's request for a no further benefit finding, adequate information must be given to that judge, including a statement of the inmate's views. Accordingly, where the waiver process is used, the probation officer will obtain a statement from the inmate to be transmitted to the judge. The judge must also be informed fully of the BOP's position and the reasons supporting the no further benefit finding. It is for the sentencing judge to determine whether that basis is adequate, and this court is in no position to make any rulings in that regard in this class action. Obviously, sentencing judges within the Ninth Circuit will follow the ruling in *United States v. Won Cho,* 730 F.2d 1260, that there must be subsequent criminal conduct. In circuits where there is no guiding precedent, the individual sentencing judge will make a determination of the law in that regard.

At the hearing held on the preliminary injunction motion, counsel for the BOP said that the effects of the transfer to an adult institution under a no further benefit finding were limited to the denial of separate housing. Accordingly, this court assumes that YCA inmates who are transferred will still have the benefits of equivalent treat-

ment programs, and that the release determinations made by the Parole Commission will be consistent with the orders entered in this class action.

Upon the foregoing, it is

ORDERED, that the petitioners' motion for a preliminary injunction is granted, and no transfers shall be made pursuant to the existing "letter request procedure," and it is

FURTHER ORDERED, that the parties in this action shall have twenty days within which to comment on the court's proposed form of waiver of the right to a no further benefit hearing before the sentencing judge.

## EXHIBIT A

### NO FURTHER BENEFITS FINDING ADVISEMENT FORM

The United States District Court for the District of Colorado has determined that all YCA inmates at FCI, Englewood, Colorado have a right to a hearing before the sentencing judge on any proposals to transfer them from FCI, Englewood to an adult institution on the basis of a no further benefit finding. Additionally, the court has held that only the sentencing judge can determine what constitutes an adequate basis for such a finding, and that the YCA inmate must be given an opportunity to challenge the factual statements made by the Bureau of Prisons, and to state his position. The Bureau of Prisons cannot make a finding of no further benefit on its own. That can only be done by the court in which the inmate was given his YCA sentence. The court has also held that a United States Probation Officer must advise the inmate of his rights under the court's ruling, and that if the right to a hearing is waived, the inmate be given an opportunity to make a statement to be transmitted to the sentencing judge.

### Waiver of Rights

I have met with the United States Probation Officer whose signature appears below, and have been informed of my rights concerning the request made by the Bureau of Prisons to transfer me to an adult institution. I understand that the Bureau of Prisons may move me to an adult institution if the sentencing judge makes a no further benefit finding in response to the recommendations made by the Bureau of Prisons. I understand that before the judge who sentenced me under the YCA Act can make a no further benefit finding to approve such a transfer, I have a right to appear before the judge, with a lawyer to assist me, at a hearing in which I can challenge the basis for the recommendation and to make a statement to the judge in the same manner as when I was first sentenced. I also understand that I may waive these rights and can make a written statement to the sentencing judge. I waive the right to appear before the sentencing judge.

| | |
|---|---|
| Defendant | Witnessing U.S. Probation Officer |

### Request for Hearing

I understand that the Bureau of Prisons has recommended that the sentencing judge make a no further benefit finding in my case. I also understand that I have a right to a hearing and I wish to exercise that right by returning to appear before the judge who sentenced me under the Youth Corrections Act in the United States District Court for the District of _____. I _____ (do/do not) desire

appointment of counsel and _____ (have/have not) completed a Financial Affidavit for Appointment of Counsel (CJA 23).

_____
Defendant

_____
Witnessing U.S. Probation Officer

_____
Date