**Jerry Wayne WATTS, et al., Petitioners,**

v.

**L.E. DuBOIS, Warden, FCI, Englewood, et al., Respondents.**

**Civ. A. No. 78–M–495.**

United States District Court, D. Colorado.

April 24, 1987.

Order Amending Memorandum Opinion and Order June 2, 1987.

See also 627 F.Supp. 727.

---

Daniel J. Sears, Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo., for petitioners.

Doug Curless, Asst. U.S. Atty., Denver, Colo., Claire Cripe, Gen. Counsel, U.S. Bureau of Prisons, Washington, D.C., Rockne Chickinell, Gen. Counsel, U.S. Parole Com'n, Chevy Chase, Md., John Shaw, Western Regional Counsel, U.S. Bureau of Prisons, Belmont, Cal., for respondents.

## MEMORANDUM OPINION
## AND ORDER

MATSCH, District Judge.

On February 26, 1987, 654 F.Supp. 1147, this court entered a Memorandum Opinion and Order in this class action on behalf of inmates confined for treatment under the Youth Corrections Act ("YCA") at the Federal Correctional Institution, Englewood, Colorado. In that memorandum opinion, this court considered the scope of jurisdiction provided by 28 U.S.C. § 2241 in evaluating the petitioners' claims of a deprivation of due process in the "letter request procedure" used in making no further benefit findings on the request of the Bureau of Prisons. That letter procedure is described in that memorandum opinion. This court agreed with the conclusion of the Seventh Circuit Court of Appeals in *Coates v. Smith*, 746 F.2d 393 (7th Cir. 1984), both with respect to jurisdiction in habeas corpus proceedings, and the fundamental unfairness of issuing a no further benefit ruling without a hearing. At the hearing which resulted in that memorandum opinion this court was informed that when a YCA inmate was transferred to an adult institution under a no further benefit finding, he still would receive the benefits of equivalent treatment programs and the release determinations made by the Parole Commission would be consistent with the procedural and substantive requirements developed in prior orders of this court in this litigation. Accordingly, this court understood that the only interest adversely affected by such a finding was in housing separate from adult inmates. That understanding was made explicit in this court's opinion, and it was because only separate housing was involved that this court considered that the right to a hearing could be waived by a YCA inmate after adequate advisement of his rights and within certain procedural protections. Accordingly, this court issued a preliminary injunction preventing transfers pursuant to the "letter request procedure", and directing the parties to comment on a proposed form of waiver of the right to a no further benefit hearing before the sentencing judge.

On April 1, 1987, the respondents filed their response to this court's February 26, 1987 order. In that response, this court was informed that "once a YCA prisoner is transferred from FCI, Englewood to an adult institution, after the entry of a no further benefit finding, the Parole Commission does not use the special parole procedures in *Watts v. DuBois* for future parole determinations for the prisoner." In support of that position, the respondent Parole Commission further advised:

> If a YCA "no further benefit" finding allows the Bureau of Prisons to withhold YCA treatment from the inmate, the Pa-

role Commission should logically be exempted from the requirement that "response to treatment" be a determinative factor in parole decisions for *Watts* class members.

What is apparent then is that the effect of a no further benefit finding is to strip from a YCA inmate all of the special provisions for housing, treatment and conditional release that are provided in the YCA. In essence, the sentence is transformed into a regular adult sentence. That presents a fundamentally different question which requires this court to reconsider the position taken in the earlier opinion and order. Upon reexamination of the question of jurisdiction under 28 U.S.C. § 2241, this court continues to hold the view that the question is presented in the context of the execution of the original YCA sentence. By attacking the procedure used by the Bureau of Prisons to obtain a no further benefit finding in a transfer of a YCA inmate, the petitioner class is not challenging the validity of the original sentence. Accordingly, the challenge is not appropriate under the jurisdiction of the sentencing court under 28 U.S.C. § 2255. Additionally, this court is not now considering the validity of any no further benefit findings made in the case of YCA inmates who have already been transferred from Englewood. Likewise, it is not for this court to determine the conflict among the circuits on the question of whether a YCA sentence can be altered without a conviction for subsequent criminal conduct.

The Supreme Court in *Ralston v. Robinson*, 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981), held that the YCA does not require YCA treatment for the remainder of a youth sentence where a judge imposes a subsequent adult sentence upon a finding that such treatment would not further benefit the offender. In *United States v. Won Cho*, 730 F.2d 1260 (9th Cir.1984), a divided court construed the *Ralston* ruling narrowly in holding that YCA sentences could not be changed into adult sentences in the absence of a subsequent conviction. That holding was based upon the perception that an adult sentence is more severe in its effects than a YCA sentence. The Fourth

Circuit Court of Appeals applied *Ralston* to authorize the modification of a YCA sentence after a revocation of probation. The District of Columbia Circuit decided in *In re Coates*, 711 F.2d 345 (D.C.Cir.1983), that the sentencing judge could make a determination of no further benefit on the basis of misconduct reports within the institution.

This court agrees with the Ninth Circuit Court of Appeals that an adult sentence is fundamentally different from a YCA sentence. The YCA established a treatment alternative to established sentencing objectives. In *Dorszynski v. United States*, 418 U.S. 424, 434, 94 S.Ct. 3042, 3048, 41 L.Ed.2d 855 (1974), the Supreme Court summarized the unique features of the YCA in this language:

An important element of the program was that once a person was committed for treatment under the Act, the execution of sentence was to fit the person, not the crime for which he was convicted. Classification agencies were to be established by the Director of the Bureau of Prisons to receive and study the person committed and make recommendations to the Director as to appropriate treatment. 18 U.S.C. § 5014, 5015. Further, the range of treatment available was made broad to provide maximum flexibility. The Director was authorized both to adapt numerous public facilities, and to contract with public or private agencies, in order to provide institutional treatment which the Director could vary according to the committed person's progress or lack of it. 18 U.S.C. §§ 5011, 5015. An integral part of the treatment program was the segregation of the committed persons, insofar as practicable, so as to place them with those similarly committed, to avoid the influence of association with the more hardened inmates serving traditional criminal sentences. 18 U.S.C. § 5011.

Indeed, it is these very differences which have been held to justify a longer commitment of and denying good time credits to a YCA inmate. In *Watts v. Hadden*, 651 F.2d 1354, 1376 (10th Cir.1981), the court said that "possible imposition of a longer

sentence for a YCA offender has been repeatedly held constitutional and justifiable as a means of providing corrective and preventative guidance and training."

The court also said that:

for this same reason, YCA offenders who receive indeterminate sentences do not get "good time" allowances for parole purposes. *Staudmier v. United States,* 496 F.2d 1191 (10th Cir.1974). Because the focus of the Youth Corrections Act is on rehabilitating the youth offender, and releasing him once he is rehabilitated, a youth offender sentenced under 18 U.S.C. § 5010(b) or (c) is eligible for conditional release at any time and no minimum sentence is required.

*Id.* at 1376.

Whatever may be determined by a sentencing judge to be an appropriate basis for the denial of further YCA benefits to a YCA inmate, it is clear to this court that the respondents can neither initiate nor effectuate a transfer of a YCA inmate from FCI, Englewood to an adult institution on the basis of a no further benefit finding without a hearing before the sentencing judge in accordance with Rules 32 and 43 of the Federal Rules of Criminal Procedure. The requirement of Rule 32(a)(1)(C) that the sentencing judge address the defendant personally and afford him the right of allocution is necessary for the benefit of the sentencing judge and the inmate. It should not be assumed that the sentencing judge will be fully informed concerning the consequences of a no further benefit finding any more than this judge was aware of those consequences at the time of the entry of the earlier memorandum opinion and order. Moreover, the inmate must be given the opportunity to challenge the grounds for the no further benefit finding, both legally and factually, and the right of allocution is considered critical.

Rule 43(a) requires the defendant's presence at sentencing. The Tenth Circuit Court of Appeals recently emphasized the constitutional sources of that rule:

Rule 43 has its source in the confrontation clause of the sixth amendment and the due process clause of the fifth and fourteenth amendments. *United States v. Gagnon* [470 U.S. 522] 105 S.Ct. 1482, 1484–85 [84 L.Ed.2d 486] (1985). Although it is not an absolute right, *Illinois v. Allen,* 397 U.S. 337, 342 [90 S.Ct. 1057, 1060, 25 L.Ed.2d 353] (1970), it is fundamental to the entire law of criminal procedure. *Lewis v. United States,* 146 U.S. 370, 372 [13 S.Ct. 136, 137, 36 L.Ed. 1011] (1892) (dictates of humanity require defendant's presence). A defendant is present only when being sentenced from the bench. Thus, a defendant is sentenced *in absentia* when the judgment and commitment order is allowed to control when there is a conflict.

The imposition of punishment in a criminal case affects the most fundamental human rights: life and liberty. Sentencing should be conducted with the judge and defendant facing one another and not in secret. It is incumbent upon a sentencing judge to choose his words carefully so that the defendant is aware of his sentence when he leaves the courtroom.

*United States v. Villano,* 816 F.2d 1448, 1452–53 (10th Cir.1987). There can be no waiver of the requirement that the defendant be present at sentencing. F.R.Cr.P. 43; *United States v. Turner,* 532 F.Supp. 913 (N.D.Cal.1982); *United States v. Persico,* 87 F.R.D. 156 (E.D.N.Y.1980). It is this court's view that the due process clause of the Fifth Amendment to the United States Constitution would be violated if no hearing was granted to the defendant, who is also to be afforded the right to counsel.

Upon the foregoing, this court now concludes that the injunctive order entered on February 26, 1987 must be broadened, and it is

ORDERED that the respondents are enjoined from transferring any YCA inmate at FCI, Englewood, for whom no further benefit findings have been made without a hearing before the sentencing judge, and are also enjoined from initiating requests for no further benefit findings with a waiver of a hearing before the sentencing judge.

## ORDER AMENDING MEMORANDUM OPINION AND ORDER

On April 24, 1987, this court entered a Memorandum Opinion and Order ("Order") enjoining the respondents from transferring any YCA inmate at FCI, Englewood, for whom no further benefit findings have been made without a hearing before the sentencing judge and from initiating requests for no further benefit findings with a waiver of a hearing before the sentencing judge. On April 30, 1987, the petitioners filed a motion to amend the Order to declare that the no further benefit findings made pursuant to the letter request procedure are null and void, and that those inmates for whom such findings have been made must receive the benefits afforded to all other class members pursuant to the prior orders entered in this class action. On May 22, 1987, the respondents filed a response indicating they have no objection to the petitioners' motion to amend.

This court has determined that the letter request procedure for obtaining a no further benefit finding does not comport with due process. Therefore, any no further benefit findings made pursuant to that procedure are null and void. No class member can be transferred from FCI, Englewood, based on a no further benefit finding obtained by the letter request procedure. Additionally, class members at Englewood who have received no further benefit findings pursuant to the letter request procedure shall receive the same benefits as all other class members.

Upon the foregoing, it is

ORDERED, that this court's Memorandum Opinion and Order of April 24, 1987, is amended to provide that no further benefit findings based upon the letter request procedure are null and void, and it is

FURTHER ORDERED, that no class member can be transferred from FCI, Englewood, based on a no further benefit finding obtained by the letter request procedure, and it is

FURTHER ORDERED, that class members at FCI, Englewood, who have received no further benefit findings pursuant to the letter request procedure shall receive the same benefits as all other class members pursuant to the prior orders entered in this class action.