**Julio Marcial VISTOSO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 84 Civ. 2670 (LFM), 83 Cr. 96 (LFM).**

United States District Court, S.D. New York.

June 21, 1984.

Julio Marcial Vistoso, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., by Andrew J. Levander, Asst. U.S. Atty., New York City, for the U.S.

## OPINION

MacMAHON, District Judge.

Petitioner moves, pursuant to 28 U.S.C. § 2255, to withdraw his guilty plea, or, in the alternative, to vacate or correct his sentence.

Petitioner pleaded guilty to a thirteen-count indictment which charged him with conspiracy, in violation of 18 U.S.C. § 371, and with making false statements to the Immigration and Naturalization Service ("INS"), in violation of 18 U.S.C. § 1001. In essence, petitioner was engaged in arranging sham marriages for aliens desiring to become lawful residents by marrying United States citizens. In connection with this scheme, he allegedly filed numerous false immigration applications with INS. On August 3, 1983, the court sentenced him to five years in prison and a $10,000 fine.

Petitioner first argues that he should be allowed to withdraw his guilty plea primarily because of the allegedly ineffective assistance of counsel he received during the proceedings leading up to his plea. This argument is meritless. Furthermore, it has already been rejected by the Court of Appeals which, on April 13, 1984, affirmed the district court's denial of petitioner's previous motion to withdraw his guilty plea. *United States v. Vistoso,* Docket No. 83–1252, (2d Cir.1984). The law is clear that a § 2255 motion cannot be used to relitigate issues already considered on appeal. *Chin v. United States,* 622 F.2d 1090 (2d Cir.1980), *cert. denied,* 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981); *United States v. Natelli,* 553 F.2d 5 (2d Cir.), *cert. denied,* 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d 75 (1977); *Castellana v. United States,* 378 F.2d 231 (2d Cir. 1967).

On appeal, petitioner specifically challenged his guilty plea and the competence of his attorney's representation. In fact, two appellate briefs were filed on his behalf, the court having appointed a new lawyer for petitioner and having considered the new lawyer's brief. That brief raised the ground of ineffective assistance of counsel, and the government responded in a supplemental brief. As a result, petition-

er has already had a full and fair opportunity to litigate these issues.

Similarly, petitioner's other grounds on the instant petition provide no basis for relief. He asserts that he was unlawfully prejudiced by the fact that two judges and a magistrate handled his case at different points in the proceedings. This is a frivolous argument. Petitioner was not entitled to have one judge handle his case, and, in any event, it is clear that absolutely no prejudice resulted from the fact that Judge Owen took his guilty plea and later considered his motion to withdraw it.

Finally, petitioner argues that his sentence should be vacated on the ground that the presentence report contained false and irrelevant allegations which severely prejudiced him and which were not revealed to him until several months after sentencing. The gist of this argument is that he should have been allowed to review the report personally before the sentencing date. This, however, is not the law. Rule 32(c)(3)(A), Fed.R.Crim.P., provides that "the court shall upon request permit the defendant, or his counsel if he is so represented," to review the presentence report. Petitioner does not allege that either he or his attorney requested and was denied an opportunity before sentencing to review the report. Additionally, petitioner has not included in his papers a letter from the United States probation office indicating that petitioner's attorney did in fact review the presentence report on June 3, 1983. Petitioner cannot complain that he did not see the report if his attorney did. *Knight v. United States*, 611 F.2d 918 (1st Cir. 1979). Furthermore, his attorney was given an adequate opportunity to argue for mitigation at sentencing.

Accordingly, petitioner's motion under 28 U.S.C. § 2255 is denied in all respects. We certify that any appeal from this order in forma pauperis should not be viewed as taken in good faith because an appeal would be frivolous. 28 U.S.C. § 1915(a);

*Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

So ordered.