Theodore W. MIKOLON, Jr.,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 87–1754.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 20, 1988.

Decided April 13, 1988.

Dennis E. Zahn, Ober, Symmes, Cardwell, Voyles & Zahn, Indianapolis, Ind., for petitioner-appellant.

John J. Thar, Asst. U.S. Atty., John Daniel Tinder, U.S. Atty., Indianapolis, Ind., for respondent-appellee.

Before CUMMINGS, CUDAHY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

The petitioner-appellant, Theodore W. Mikolon, Jr., collaterally attacks his 1983 sentence pursuant to 28 U.S.C. § 2255. Mr. Mikolon is dissatisfied that three of his fellow coconspirators, who received longer sentences of incarceration than he, already have been paroled. Mr. Mikolon remains in prison. Specifically, he submits that certain government charts in his presentence report inaccurately reflect his participation in the crimes for which he was convicted. Accordingly, he contends, these charts have prejudiced his chances for parole. The district court struck these charts from Mr. Mikolon's presentence report and ordered that they be disregarded by the Parole Commission. However, the court declined to resentence the appellant. We affirm the judgment of the district court.

I

Background

A. *The Underlying Action*

On August 13, 1982, a grand jury returned a multicount indictment against Mr. Mikolon and sixteen other defendants alleging conspiracies and several violations of the Controlled Substances Act. The conspiracies involved the distribution and sale of cocaine, marijuana and guns. An information also was filed on January 21, 1983, charging Mr. Mikolon with violating 26 U.S.C. § 7206(1) (willfully making false statements on a federal income tax return). Thereafter, Mr. Mikolon pleaded guilty to several counts. On March 10, 1983, he appeared before Judge Holder (now deceased) for the court's acceptance of his guilty plea and for sentencing. The district court sentenced Mr. Mikolon to eight years imprisonment, $10,000 in fines plus costs, and a special parole term. Mr. Mikolon never appealed directly his sentence. On July 7, 1983, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, Mr. Mikolon filed a motion for reduction of sentence. The court denied the motion on July 13, 1983.

B. *The Present Proceeding*

On October 1, 1986, Mr. Mikolon filed a motion with the district court under Rule 32 of the Federal Rules of Criminal Proce-

dure to correct the factual inaccuracies in his 1983 presentence investigation report. On March 23, 1987, he filed an addendum in which he requested that the court vacate his original sentence and resentence him pursuant to 28 U.S.C. § 2255. The basis of Mr. Mikolon's motion was a series of charts submitted and attached to his presentence investigation report by the government. These government charts characterized him as a key figure in all three conspiracies. At his sentencing, Mr. Mikolon had objected to the introduction of these charts and had presented his own charts that depicted him in a less important role. The district court reviewed both parties' charts prior to sentencing Mr. Mikolon. However, the court never explicitly stated which, if any, of the charts it relied on in imposing sentence.

In the present proceeding before the district court, the government and Mr. Mikolon entered into several stipulations. The most important of these stipulations is that the sentencing charts "should be withdrawn as part of any sentencing, in that said charts should not be considered by the Parole Commission in the course of its determination as to when the defendant Mikolon would be eligible for parole." R. at 51.

Another key stipulation recognized that three of Mr. Mikolon's codefendants, who had received longer terms of incarceration, were paroled prior to the time that Mr. Mikolon commenced this action.[1]

## II

### Opinion of the District Court

In its entry dated April 28, 1987, the district court, Judge Dillin presiding, noted that Judge Holder, as the sentencing judge, made no finding as to Mr. Mikolon's allegation of inaccuracies in the presentence report. The district court also noted that Judge Holder made no determination that such controverted matters would not be considered in sentencing. More specifically, the court noted that, although this sentencing procedure would violate the present Rule 32 of the Federal Rules of Criminal Procedure,[2] it did not violate the Rule in effect at the time of Mr. Mikolon's sentencing.[3] Nevertheless, the district court acknowledged that reliance upon false information at sentencing can, in some instances, constitute a denial of the defendant's due process rights. The district court then held that it is impossible from a review of the record to determine

---

1. The stipulation states as follows:
 That certain co-defendants of Mikolon received greater sentences than defendant Mikolon did in that all three of these individuals have in fact been paroled as of March 24, 1987. Although the Government cannot represent to the Court with absolute accuracy that the following figures are correct, it does represent that for the purpose of Defendant Mikolon's Motions, these figures are close enough that they can be assumed correct for the purpose of resolving the issues before the Court;
 A. Co-defendant John Calhoun was sentenced to eleven and one-half (11½) years imprisonment, and was paroled after serving approximately fifty-two (52) months;
 B. Co-defendant Robert Horton was sentenced to nine and one-half (9½) years imprisonment, and was paroled after serving approximately thirty-five (35) months;
 C. Co-defendant Darrell Richardson was sentenced to eight and one-half (8½) years imprisonment, and was paroled after serving approximately forty-eight and one-half (48½) months....
 R. at 52.

2. Rule 32(c)(3)(D) states as follows:

 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.
 Fed.R.Crim.P. 32(c)(3)(D).

3. Section (c)(3)(D) was an entirely new provision added to Rule 32 in 1983. The amendment, dated April 28, 1983, did not become effective until August 1, 1983. The district court, however, originally imposed Mr. Mikolon's sentence on March 10, 1983. Accordingly, his sentence predated the new Rule 32(c)(3)(D) and, therefore, the district court did not violate the Rule.

whether the government's charts, or Mr. Mikolon's charts, or no charts, were relied upon by Judge Holder in sentencing. Consequently, the court held:

> Inasmuch as this Court has no way of knowing what was in Judge Holder's mind at the time of sentencing, and considering further that the defendant was, after all, given a lesser sentence than codefendants Calhoun and Horten [sic], the Court does not feel justified in holding a hearing at this late date for the purpose of determining the correctness of the information reflected on the government's charts. This is particularly true since, as stated above, subsection (D) [of Fed.R.Crim.P. 32(c)(3) ] was not in effect at the time of sentencing. On the other hand the Court agrees that the defendant should not be prejudiced as regards parole by the reliance of the Parole Commission on such charts, if indeed that is the fact.

*United States v. Mikolon*, No. 83 CR 4, entry at 3 (S.D.Ind. Apr. 28, 1987); R. at 77. The court then struck all charts from Mr. Mikolon's presentence report. The court also ordered that the Parole Commission was not to consider any of the charts in any further consideration of Mr. Mikolon's parole. A copy of the order was mailed to the Parole Commission.

### III

### Discussion

### A.

■ We agree with the district court that the presentence report would violate the present formulation of Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. At his sentencing hearing, Mr. Mikolon objected to the sentencing report on the ground that it was factually inaccurate. The sentencing court did not make findings

about the disputed matters nor did it declare that it would not consider such material in a sentencing decision. *See United States v. Eschweiler*, 782 F.2d 1385, 1388 (7th Cir.1986). However, because the present rule became effective after the imposition of Mr. Mikolon's sentence, it is inapplicable. We have refrained from holding that the amended rule is retroactive. *Johnson v. United States*, 805 F.2d 1284, 1289 (7th Cir.1986); *see also Williams v. United States*, 711 F.2d 847, 848 (8th Cir. 1983).

■ However, it does not *necessarily* follow that, because there was no violation of Rule 32, Mr. Mikolon has no claim. As the district court noted, pursuant to 28 U.S.C. § 2255,[4] the validity of a prior sentence can be challenged on due process grounds. To prevail on his due process claim, Mr. Mikolon must demonstrate that Judge Holder's sentence constituted either " 'a fundamental defect which inherently result[ed] in a complete miscarriage of justice, [ ]or an omission inconsistent with the rudimentary demands of fair procedure.' " *Johnson*, 805 F.2d at 1287 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). We do not believe that the situation before us can fairly be described in those terms. At the outset, it is important to note that Mr. Mikolon contends that Judge Holder *might* have relied upon erroneous information in imposing sentence—the government's charts depicting Mr. Mikolon as the central figure of the conspiracies. Judge Holder, however, permitted the defendant to introduce his own charts that depicted Mr. Mikolon as a middleman. Appellant's App. at Ex. 9. Although the judge did not state which, if any, chart he credited, there is strong circumstantial evidence that he was quite careful in delineating the role of each defendant and hardly accepted uncritically

---

4. Section 2255 of Title 28 of the United States Code states in pertinent part:

 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to im-

 pose such sentence, or that the sentence was in excess of the maximum authorized by law, *or is otherwise subject to collateral attack,* may move the court which imposed the sentence to vacate, set aside or correct the sentence.

 A motion for such relief may be made at any time.

 28 U.S.C. § 2255 (emphasis supplied).

the government's charts. Three other defendants, who, according to the government's charts appeared to have somewhat lesser roles than Mr. Mikolon, received sentences greater than his. The district court also noted at the sentencing hearing that "of all of the top men in this affair, in all probability this man [Mr. Mikolon] would be the most likely to evade the problem hereafter of the narcotic traffic. I don't have that confidence with the rest of them." Tr. at 50. Indeed, the government sought a sentence of thirteen and one-half years imprisonment; yet Mr. Mikolon received only eight years. The court then commented that it believed Mr. Mikolon had abandoned his participation in the cocaine conspiracy and that, as suggested by the defendant's chart, he only was a customer in the guns conspiracy. The district judge also noted to defense counsel that he believed Mr. Mikolon had "a chance here of making good" but that a lesser sentence would create too great a disparity between him and "other major domos [sic]." *Id.* Under these circumstances, we believe that it is fair to characterize the original sentencing as "a procedural irregularity that is not itself a constitutional violation and that is unlikely to have changed the outcome of the criminal proceeding." *Johnson*, 805 F.2d at 1289. The irregularity simply did not infect the sentencing proceeding with fundamental unfairness. *Id.* at 1290.[5]

### B.

On the record before us, it appears that Mr. Mikolon's primary concern is not the legality of his sentence, but the adverse impact that the charts attached to the presentence report may have had and may continue to have on the decision of the Parole Commission. Indeed, his argument before this court is grounded primarily in allegations that the Parole Commission has violated his due process rights.[6] In *Johnson*, we noted that "[i]nsofar as [the defendant] wants to correct inaccuracies in his presentence report that might affect the date of his parole, he must use the procedure outlined in *United States v. Mittelsteadt*, 790 F.2d 39 (7th Cir.1986) (per curiam)." *Johnson*, 805 F.2d at 1291. In *Mittelsteadt*, the defendant, pursuant to a 28 U.S.C. § 2255 motion, requested the court to make a finding that would help to rectify an error in his presentence report. The court noted that:

The real purpose of the appellant's motion appears to be to modify the terms of his imprisonment. He contends in particular that the Parole Commission is refusing to consider paroling him because of the magnitude of the fraud as revealed in the presentence report which he contends is inaccurate.... Section 2255 provides the procedure for challenging federal convictions and sentences; if a prisoner wants "out" for some other reason his remedy is habeas corpus, and (with immaterial exceptions) the proper venue for the habeas corpus proceeding is the district court where he is being held. We add that the prisoner must exhaust his administrative remedies be-

---

5. We also note that Mr. Mikolon had previously filed a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. As counsel noted at oral argument, the record here, and apparently the files of the district court, do not contain Mr. Mikolon's Rule 35 motion and its supporting memoranda. Rule 35 provides in relevant part:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence [in this case, within 120 days after the sentence was imposed].

Fed.R.Crim.P. 35.

6. *See, e.g.,* Appellant's Br. at 9 ("The Parole Commission has relied upon that same false allegation [suggested in the government's charts that Mr. Mikolon is a top man in all three conspiracies] thus denying the defendant due process of law."); *id.* at 14 ("The petitioner's incarceration has been longer than his co-defendants who received lengthier sentences from the same sentencing court."); *id.* at 15 ("What greater injustice than to have co-defendants who receive greater sentences than the defendant, ... receive parole where the defendant is still incarcerated on a sentence of only eight (8) years."); *id.* at 17 ("The petitioner has ample proof of the inequality shown by the Parole Commission when his case is compared with that of his co-defendants.").

fore the Parole Commission before he is eligible for habeas corpus relief.

*Mittelsteadt,* 790 F.2d at 40–41 (citations omitted).

 Mr. Mikolon's situation is basically the same as that of the defendant in *Mittelsteadt.* Therefore, Mr. Mikolon must hurdle two obstacles to obtain relief. First, he must satisfy jurisdictional and venue requirements. *Id.; Coates v. Smith,* 746 F.2d 393, 396 (7th Cir.1984). Mr. Mikolon overcame this obstacle because he is incarcerated in Terre Haute, Indiana, and he brought his suit in the district court for the Southern District of Indiana. Second, Mr. Mikolon must exhaust his administrative remedies before the Parole Commission. *Mittelsteadt,* 790 F.2d at 41. As the government admitted at oral argument, it has waived this requirement. Not only did the government fail to raise the exhaustion argument before the district court,[7] it stipulated that it would not raise a jurisdictional objection to Mr. Mikolon's motions "even though they may be improperly denominated." R. at 53. Consequently, although the district court did not address the issue explicitly, it is clear that it properly treated Mr. Mikolon's claim as a request for habeas corpus relief. In this regard, Mr. Mikolon has received all the relief to which he could be entitled—the removal of the alleged inaccurate charts from his presentence investigation report and an order to the Parole Commission to disregard these charts in any future consideration of his parole.

Accordingly, we affirm the decision of the district court.

A\ffirmed\.

---

**7.** Although the government did not raise the exhaustion argument before the district court, it did raise the argument in its brief before this court. Appellee's Br. at 8. Nevertheless, when questioned at oral argument about the exhaustion requirement, the government represented that it waived any exhaustion objection with respect to deletion of the charts from Mr. Mikolon's presentence investigation report. Moreover, the oral argument representation by the government is supported by a stipulation that was entered before the district court "that said charts should be withdrawn as a part of any sentencing, and that said charts should not be considered by the Parole Commission in the course of its determination as to when the Defendant Mikolon should be eligible for parole." R. at 51. The district court then ordered relief identical to the stipulation. Accordingly, the government cannot now make any jurisdictional attack based on the exhaustion requirement enunciated in *Mittelsteadt.*