**James HILLARD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 89 Civ. 1594(MEL).**

United States District Court, S.D. New York.

July 31, 1989.

See also 701 F.2d 1052.

Cheryl J. Sturm, Port Jervis, N.Y., for plaintiff.

Benito Romano, U.S. Atty., S.D.N.Y., (Mary Lee Warren, Asst. U.S. Atty., of Counsel), New York City, for defendant.

LASKER, District Judge.

James Hillard petitions to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. In support of his petition, he argues that he was not given an opportunity to review his presentence report prior to the imposition of sentence; that the report contained erroneous information concerning the volume of the operation and the role of his brother upon which the sentencing court may have relied; and that had he had the opportunity to read the presentence report, he would have contested the alleged errors of material fact. Hillard's claim rests on the current language of amended Fed.R.Crim.P. 32, which provides for the review of presentence reports, rather than on the rule as it existed at the time of the sentencing. Petitioner asserts that he should have been given access to his presentence report and that his counsel was ineffective.

The petition presents several questions. First, is retroactive application of amended Rule 32 in a habeas corpus proceeding constitutionally required? Second, assuming that the amendment of Rule 32 is not to be given retrospective effect, was petitioner's right to due process violated by the sentencing procedure? Finally, has petitioner established the two elements necessary to vacate a conviction on the basis of a pre-sentence report per § 2255: that the pre-sentence report contains erroneous information and that the court computed defendant's sentence in reliance upon the erroneous information?

I conclude that retroactive application of amended Rule 32 is not a constitutional requirement and that petitioner has not demonstrated a claim that his due process right has been violated.

Accordingly, Hillard's application for habeas corpus relief is denied.

## BACKGROUND

Hillard was sentenced on September 17, 1982 to a term of twenty years for conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848. The sentence was subsequently reduced to sixteen years.

At the time Hillard was sentenced, Rule 32(c)(3)(A) provided:

> Before imposing sentence the court shall upon request permit the defendant, *or* his counsel if he is so represented, to read the report of the presentence investigation.

(emphasis added). Defendant's counsel acknowledged having reviewed Hillard's presentence report at the sentencing hearing. *See* 9/17/82 Trial Transcript at 2. The record does not indicate whether the defendant had reviewed the report and he alleges that he did not.

In August, 1983, Rule 32 was amended to require:

> [T]he court shall also determine that the defendant *and* his counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B).

Fed.R.Crim.Proc. 32(a)(1)(A) (emphasis added). Moreover, Rule 32(c)(3)(A) as amended requires the court to afford defendant and his counsel an opportunity to comment upon the presentence report and "to introduce testimony or other information relating to any alleged factual inaccuracy contained in it."

## I. RETROSPECTIVE APPLICATION OF AMENDED RULE 32 IS NOT A CONSTITUTIONAL REQUIREMENT

■ Hillard's petition does not satisfy the Supreme Court's standard for retrospective application of a rule. The closest case to Hillard's is *Halliday v. U.S.*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, *reh. denied*, 395 U.S. 971, 89 S.Ct. 2106, 23 L.Ed.2d 761 (1969). The Court ruled there that the decision in *McCarthy v. U.S.*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) to set aside a guilty plea entered following procedures that violated Fed.R. Crim.P. 11, which concerns pleas generally, should not be applied retroactively to guilty pleas accepted prior to the date of that decision because Rule 11 is not deemed to be a constitutional requirement. In making this determination, *Halliday* employed the three-factor balancing test articulated in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), which gives consideration to:

> (a) the purpose to be served by the new standards,
>
> (b) the extent of the reliance by law enforcement authorities on the old standards, and
>
> (c) the effect on the administration of justice of a retroactive application of the new standards.

388 U.S. at 297, 87 S.Ct. at 1970. *Halliday* also demonstrated concern for the administrability of retroactive application of a rule: "[I]n view of the large number of constitutionally valid convictions that may have been obtained without full compliance with Rule 11, we decline to apply *McCarthy* retroactively." 394 U.S. at 833, 89 S.Ct. at 1499. In so doing, *Halliday* reflects the concern informing *Linkletter v. Walker*, 381 U.S. 618, 637–38, 85 S.Ct. 1731, 1741–42, 14 L.Ed.2d 601 (1965).

The analysis in *Halliday* applies well to the present situation. As with Rule 11, amended Rule 32(a)(1)(A) should not be given retrospective effect. Moreover, as is true of Rule 11, a large number of constitutionally valid sentencings may have been entered prior to the amendment of Rule 32 which, as an administrative matter, should not be vacated on the basis of the new provision for review of presentence reports.[1]

## II. PETITIONER'S HABEAS APPLICATION DOES NOT STATE A CLAIM THAT HIS DUE PROCESS RIGHTS HAVE BEEN VIOLATED

■ It is necessary to determine next whether Hillard's petition establishes a claim that the size of the criminal operation and his brother's role in it were misstated and that such misstatements were relied upon by the court in computing the defendant's sentence so as to violate his due process rights. While Hillard alleges that "the presentence report ... contained errors of material fact. My sentence was increased based upon those errors," Hillard does not substantiate the assertions. Indeed, he later qualifies these allegations, stating that the misstatements "might have caused the District Court to enhance Movant's sentence subliminally by making the 'Black Sunday' organization appear bigger, better organized and more ominous than it was" and that "the record does not disclose upon what information the sentencing court relied in making its judgment of sentence."

The evidence of record rebuts Hillard's assertion that the volume of the operation was inflated in the presentence report. At trial, the Government presented extensive evidence as to the size of entries in the organization's ledgers and testimony as to the volume of the operation. As for the role of petitioner's brother, the jury found Hillard's brother not guilty of criminal activity and Hillard has presented no evidence that the sentence was articulated in reliance upon the presentence report's alleged misstatement of petitioner's brother's role.

---

**1.** The cases cited by Hillard are not on point. Both *United States v. Miller*, 849 F.2d 896 (4th Cir.1988) and *United States v. Johnson*, 607 F.Supp. 258 (N.D.Ill.1985) are immaterial because the defendants in these cases were sentenced after the promulgation of amended Rule 32.

Moreover, besides a deficiency of proof, Hillard fails to demonstrate a violation of the Constitution or the laws of the United States such that he should be granted habeas relief. First, the petitioner does not demonstrate that his not having read the presentence report violated his due process rights to a fair sentencing procedure. Second, petitioner's claim does not qualify as one of a violation of a law of the United States because amended Rule 32 under which Hillard claims had not been promulgated at the time of his sentencing.

Again, the cases cited by petitioner in support of his due process claim are not on point. Hillard refers to *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) and *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) for the broad proposition that a sentence must be set aside when the defendant demonstrates that false information was the basis of the sentence. These authorities do not address petitioner's case because he is unable to demonstrate either that the information contained in his presentence report was mistaken or that the sentencing decision was made on the basis of erroneous information. Hillard cites *Ostrer v. Luther*, 615 F.Supp. 1568 (D.Conn.1985) for support of the proposition that defendants should be able to challenge presentence reports as a due process matter. However, the issue of due process was not reached in *Ostrer* because, as is true in the present case, petitioner had not demonstrated reliance by the court on false information.

Finally, on the claim of ineffective assistance of counsel, petitioner cites *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh. denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), which delineates a standard for measuring whether counsel has been reasonably effective. Hillard's claim that his counsel was ineffective is groundless. The counsel, whose conduct is complained of, tried the case in the presence of this court. Accord-

ingly, this court can judge its effectiveness and heartily disagrees with Hillard's allegations of ineffectiveness. Indeed, the court commented to defense counsel at the time of the sentencing hearing:

> Thank you, Mr. Breitbart. I want to say that I have admired the way you participated in this case.... your statements today were very much to the point.

Government's Response at 2–3. The court takes judicial notice that counsel in question has a public reputation as among the most skilled and effective criminal defense counsel practicing before this court.[2]

Petitioner's application for habeas corpus relief is denied.

It is so ordered.

---

2. Even if Hillard is correct that counsel failed to see to it that Hillard was acquainted with the presentence report, such a failure would not constitute constitutional ineffectiveness of coun-

sel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh. denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984).