12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James VILLALPANDO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2122.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 17, 1993.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 91 C 7241, James Holderman, Judge.
 
 
 1
 N.D.Ill.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 A jury found James Villalpando guilty of one count of conspiracy to possess with the intent to distribute cocaine and two counts of use of a communication facility to facilitate the commission of a felony. 21 U.S.C. Secs. 843(b), 846. He appealed his conviction, and we affirmed. United States v. Farmer, 924 F.2d 647 (7th Cir.1991). Villalpando then filed a motion pursuant to 28 U.S.C. Sec. 2255, contending that the district court failed to address his objections to the presentence investigation report or to make written findings pursuant to Federal Rule of Criminal Procedure 32(c)(3)(D). The district court denied Villalpando's motion, concluding that no objections were made to the sentencing court so as to trigger Rule 32, and that no cause and prejudice was established to overcome Villalpando's failure to raise this issue on direct appeal.
 
 
 4
 Rule 32 violations are not cognizable under Sec. 2255 unless they also encompass due process violations. Hill v. United States, 368 U.S. 424, 426 (1962); Durrive v. United States, No. 92-3872, slip op. at 2 (7th Cir. Sept. 10, 1993); Johnson v. United States, 805 F.2d 1284, 1287 (7th Cir.1986); see also Scott v. United States, 997 F.2d 340, 342 (7th Cir.1993) (Sentencing Guidelines violations not cognizable under Sec. 2255). A defendant is denied due process of law when he is sentenced on the basis of inaccurate information. United States ex rel. Welch v. Lane, 738 F.2d 863 (7th Cir.1984).
 
 
 5
 Villalpando cannot establish cause for his failure to bring this claim on direct appeal, Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992), despite his reliance on Kramer v. United States, 788 F.2d 1229, 1231 (7th Cir.1986) (cause established where petitioner did not discover the district court's failure to attach written findings to the presentence report until the Parole Commission denied him parole based on facts contested at sentencing). Unlike the petitioner in Kramer, Villalpando never raised his objections to the presentence investigation report before the district court.
 
 
 6
 Villalpando contends that the letter he sent to the probation officer during the preparation of the presentence report to identify inaccuracies in the "Government's Version of the Facts" constituted a valid objection that should have been addressed by the court. Although the probation officer attached a copy of the government's facts and defense counsel's letter to the finished report, Villalpando did not file the letter or a separate motion listing his objections with the court. At sentencing, the court dealt conclusively with two objections to the presentence report raised by defense counsel that were not mentioned in the letter. No one referred to the letter and Villalpando and his counsel stated they had no other objections when asked by the judge. Because Villalpando never raised the objections before the district court, the court had no duty to resolve the alleged factual inaccuracies. United States v. Carmel, 801 F.2d 997, 1000 (7th Cir.1986). Consequently, Villalpando's due process claim is waived.
 
 
 7
 If Villalpando wants to correct the alleged inaccuracies in his presentence report for the purpose of parole determinations, he must first seek administrative relief through the Parole Commission. See Mikolon v. United States, 844 F.2d 456, 460 (7th Cir.1988); United States v. Mittelsteadt, 790 F.2d 39, 40-41 (7th Cir.1986) (per curiam).
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record