23 F.3d 411
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard L. FISHER, Defendant-Appellant.
 No. 93-1992.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1994.*
Decided April 29, 1994.
 
 Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division, No. FCR 88-33, William C. Lee, Judge.
 N.D.Ind.
 AFFIRMED.
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Richard L. Fisher pleaded guilty in a federal district court in Indiana to conspiring to distribute cocaine in violation of 21 U.S.C. Sec. 846, and to possession with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced under the United States Sentencing Guidelines to a 105-month term of imprisonment to be followed by four years of supervised release. He is currently incarcerated at the federal prison in Jesup, Georgia. Fisher did not appeal his sentence directly. Three years after sentencing, he filed a pro se motion with the sentencing court to correct an alleged factual inaccuracy in his presentence report. Fisher submits that information in his presentence report relating to firearms found during a search of his co-defendant's bedroom should include a finding about who is responsible for the guns. Without such an allocation of responsibility, he asserts that the Bureau of Prisons has used this information to his detriment and may continue to do so unless it is corrected. The district court denied the motion, because there was no objection to this information at sentencing, the PSI is accurate, and the information did not affect Fisher's sentence.
 
 
 2
 On appeal Fisher makes clear that he is not contesting the validity of his sentence, but rather only seeks to have the allegedly erroneous reference to weapons removed because it may have been relied on by the Bureau of Prisons to restrict his activities within the prison and to deny him a transfer to the Tyndall Air Force Base. Recognizing that information contained in a presentence investigation report may impact treatment of the defendant during his incarceration, the Bureau of Prisons provides administrative remedies available under 28 C.F.R. Secs. 542.10-542.16, "through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. Sec. 542.10; see United States v. Engs, 884 F.2d 894, 897 (5th Cir.1989); Maynard v. Havenstrite, 727 F.2d 439 (5th Cir.1984). A petitioner must exhaust these remedies before he may seek judicial relief in the federal district with jurisdiction over his custodian. See, e.g., United States v. Mittelsteadt, 790 F.2d 39, 40 (7th Cir.1986) (per curiam).
 
 
 3
 Fisher has not alleged that he has attempted to pursue available administrate remedies. And even if he has exhausted his administrative remedies, he is proceeding in the wrong court. Thus, to the extent Fisher's motion concerns reliance on inaccuracies in his presentence report by the Bureau of Prisons, the district court had no authority to make such modification. See Johnson v. United States, 805 F.2d 1284, 1291 (7th Cir.1986); Mikolon v. United States, 844 F.2d 456, 460-61 (7th Cir.1988). In view of Fisher's failure to satisfy the jurisdictional and venue requirements necessary to obtain the relief sought, we decline to express any opinion on the merits of his claim.
 
 
 4
 For these reasons, the judgment of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record