48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Robert V. GADSON, Petitioner-Appellant,
v.
BOP WARDEN CLASS OF CHICAGO M.C.C., et al., Respondents-Appellees.
 No. 93-2700.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1995.*
Decided March 9, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In 1981, Robert Gadson was convicted of bank robbery in violation of 18 U.S.C. Sec. 2113 and was sentenced to a ten year term of imprisonment by the United States District Court for the Eastern District of Pennsylvania. When he was paroled in July, 1986, he returned to Pennsylvania and committed more bank robberies. In 1987, Gadson pleaded guilty to five counts of bank robbery and was sentenced to a term of forty years imprisonment by the United States District Court for the Eastern District of Pennsylvania.
 
 
 2
 Gadson sought relief by writ of habeas corpus, 28 U.S.C. Sec. 2241, arguing that the Parole Commission miscalculated the term of his sentence, mitigating circumstances warrant his early release from prison, and he has been subjected to an ex post facto application of the law. When he filed his petition with the Northern District Court in Illinois, he was incarcerated at the Federal Medical Center in Rochester, Minnesota. The district court held that it did not have jurisdiction to act on the motion and therefore dismissed it because Gadson did not exhaust his administrative remedies. See Mikolon v. United States, 844 F.2d 456, 460-61 (7th Cir.1988). We affirm on other grounds.
 
 
 3
 This court may grant a petition for a writs of habeas corpus only within its own jurisdiction. 28 U.S.C. Sec. 2241. Venue is proper in the district that imposed sentence, or in the district where Gadson is imprisoned. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123 (1973); Mikolon, 844 F.2d at 461; United States v. Mittelsteadt, 790 F.2d 39, 40-41 (7th Cir.1986); Coates v. Smith, 746 F.2d 393, 396 (7th Cir.1984). There is nothing in the record suggesting that Gadson was ever incarcerated in the Northern District of Illinois or that the district court has jurisdiction over Gadson's custodian. Therefore, we AFFIRM the district court's dismissal of Gadson's petition.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record