Albert **MACON**, Jr., Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 95 Civ. 3804 (LMM).

United States District Court,
S.D. New York.

June 24, 1996.

Albert Macon is pro se.

Mary Jo White, U.S. Attorney for the Southern District of New York, Stephen J. Ritchin, Assistant U.S. Attorney, of Counsel, for U.S.

### MEMORANDUM AND ORDER

MCKENNA, District Judge.

On March 30, 1982, Plaintiff pro se Albert Macon was found guilty of conspiracy to commit armed and unarmed bank robberies, committing armed and unarmed bank robberies, and unlawful receipt and possession of an unregistered sawed-off shotgun. On May 3, 1982, Judge Stewart, of the Southern District of New York, sentenced Macon to concurrent prison terms of five and fifteen years. Macon appealed, and the Second Circuit affirmed his conviction. *United States v. Macon,* No. 82–1145 Oct. 29, 1982, slip op. at 2–3 (2d Cir.), *result reported at* 714 F.2d 118

(2d Cir.1982), *cert. denied,* 459 U.S. 1218, 103 S.Ct. 1222, 75 L.Ed.2d 458 (1983).

Alleging violations of Fed.R.Crim.P. 32, due process violations, and ineffective assistance of counsel, Macon now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons below, Macon's motion is denied.

## I. Discussion

### A. Due Process

■ Macon claims that the alleged Rule 32 violations constituted a denial due process rights. Specifically, Macon claims that his sentence and the conditions of his release and parole were based on false information in his presentence investigation report ("PSI.") This claim is not properly before the Court. Macon is barred from arguing, in a Section 2255 proceeding, that his due process right were violated because his sentence was based on inaccurate information in his PSI. This argument has already been raised and rejected by the Second Circuit on direct appeal. *Macon,* slip op. at 2–3; *see also* Ritchin Aff., Ex. B at 39–47. In a Section 2255 proceeding, a petitioner may not relitigate issues that have been raised and considered on direct appeal. *Riascos–Prado v. United States,* 66 F.3d 30, 33 (2d Cir.1995); *Douglas v. United States,* 13 F.3d 43, 46–47 (2d Cir. 1993); *Lobuglio v. United States,* No. 95–Civ–2789, 1996 WL 103842, at *1 (S.D.N.Y. Mar. 8, 1996).

### B. Rule 32

■ Generally, without a showing of cause for failure to raise issues on direct appeal and prejudice resulting therefrom, a petitioner may not present issues in a Section 2255 proceeding that were not raised on direct appeal. *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982); *Campino v. United States,* 968 F.2d 187, 189 (2d Cir.1992); *Parks v. United States,* 832 F.2d 1244, 1246 (11th Cir.1987) (dealing specifically with an alleged Rule 32(c)(3)(D) violation). Macon alleges no cause for failure to raise his Rule 32 claims on direct appeal. Assuming, arguendo, that Macon could show cause for failure to raise these claims on direct appeal, his claims would fail on the merits.

■ Macon alleges two violations of Fed. R.Crim.P. 32(c)(3)(D), and one violation of Fed.R.Crim.P. 32(c)(3)(A). He first alleges that the sentencing court violated the rule when it failed to either resolve disputed issues of fact in Macon's PSI, or make a determination that no such finding was necessary pursuant to Fed.R.Crim.P. 32(c)(3)(D) because controverted matters would not be taken into account in sentencing. Second, he claims that the sentencing court erred when it did not append to Macon's PSI a written record of the findings made as to matters of controverted fact that were relied upon during sentencing. Macon further claims that the sentencing court violated Rule 32(c)(3)(A) when it failed to give him adequate time to review and discuss the alleged inaccuracies in his PSI.

For offenses committed prior to Nov. 1, 1987, Fed.R.Crim.P. 32(c)(3)(D) provides, in relevant part:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

This section, however, did not exist at the time Macon was sentenced. It was a new subsection added by an amendment of April 28, 1983, and did not become effective until August 1, 1983. *Mikolon v. United States,* 844 F.2d 456, 459 n. 3 (7th Cir.1988). The amended rule is not retroactive. *Id.* at 459.

■ Even if the Rule had been in effect at the time of Macon's sentencing, Judge Stewart's factual findings were sufficient to satisfy

Rule 32(c)(3)(D). Before sentence was imposed, Macon pointed out several inaccuracies in his PSI during the sentencing proceeding. Judge Stewart listened to Macon's objections to the inaccuracies and the alleged inaccuracies in his PSI and said,

> Mr. Macon, I've heard a lot about you in the last half hour, a great deal of which, of course, I already knew, some of which I didn't know. I am not going to take into account anything that has been said to me that I don't know about from the trial. (Ritchin Aff., Ex. B at 30–31.)

This finding satisfies the requirement of Fed.R.Crim.P. 32(3)(D)(ii) as a determination that no finding of fact is necessary because the controverted matter will not be taken into account in sentencing. *Macon,* slip op at 2–3. Because Judge Stewart made no factual findings, there was no "written record" that Judge Stewart could have attached to Macon's PSI. Therefore, Macon's second alleged violation of Rule 32(c)(3)(D) fails as well.

■ Macon's alleged violation of Fed. R.Crim.P. 32(c)(3)(A) also fails. At the time of Macon's sentencing, Fed.R.Crim.P. 32(c)(3)(A) required that:

> [b]efore imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation exclusive of any recommendation as to sentence, . . . and the court shall afford the defendant or his counsel an opportunity to comment thereon and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report.

The sentencing court had no obligation to show Macon his PSI absent a request by Macon, or his counsel. After such a request, the court was not obligated to show the PSI

to Macon himself, only to his counsel. *Knight v. United States,* 611 F.2d 918, 923 (1st Cir.1979); *Vistoso v. United States,* 585 F.Supp. 1411, 1413 (S.D.N.Y.1984). It appears from the record that Macon's counsel had read Macon's PSI "in some detail," (Ritchin Aff., Ex. B at 8) and that Macon first asked for a copy of his PSI midway through his sentencing. (Id. at 8, 12.) Thus, the sentencing court did more than was required to fulfill its obligations under Fed. R.Crim.P. 32(c)(3)(A) by giving Macon and his counsel an opportunity to review Macon's PSI in advance of the proceedings and object to inaccuracies in it before sentencing was imposed.[1] Furthermore, it appears from the record that in the brief time Macon was given to review his PSI, he was able to articulate many objections, and has not found additional inaccuracies in his PSI either on direct appeal, or in this Section 2255 proceeding.

### C. Ineffective Assistance of Counsel

■ Last, Macon alleges ineffective assistance of counsel at sentencing. As previously mentioned, a criminal defendant must show cause for failure to raise issues on direct appeal and prejudice resulting therefrom in order to raise new issues in a Section 2255 proceeding. *Frady,* 456 U.S. at 167–68, 102 S.Ct. at 1594–95; *Campino,* 968 F.2d at 189. However a petitioner is only precluded from raising novel ineffective assistance of counsel claims in a Section 2255 proceeding when 1) the movant was represented by new appellate counsel on direct appeal, and 2) the claim was based solely on the record developed at trial. *Billy–Eko v. United States,* 8 F.3d 111, 113–14 (2d Cir.1993).[2] This rule protects petitioners from having claims barred where trial counsel acted as appellate counsel, or where the appellate attorney could not have crafted an ineffective assis-

---

**1.** In August, 1983, Fed.R.Crim.P. 32(a)(1)(A) was amended to require a determination that "the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (C)(3)(B)." This amendment is not retroactive, however. *Hillard v. United States,* 716 F.Supp. 128, 129–30 (S.D.N.Y.

1989). When deciding this habeas corpus petition, the Court must apply Rule 32(c)(3)(A) as it existed at the time of Macon's sentencing in 1982. *Id.*

**2.** If both parts of the *Billy–Eko* test are met, then the "cause and prejudice" standard does not apply. *See Billy–Eko,* 8 F.3d at 116–117.

tance claim based on the record developed at trial. *Douglas,* 13 F.3d at 43. When trial and appellate counsel are the same, "it would be unrealistic to expect that trial counsel would be eager to pursue an ineffective assistance claim." *Billy–Eko,* 8 F.3d at 114. Moreover, "even a scrupulous attorney searching the record in good faith would likely be blind to his derelictions at the trial level." *Id.* In this case, where Macon was represented by different counsel at trial and on appeal, but was represented by the same counsel at sentencing and on appeal, and where the ineffective assistance claim arises from counsel's conduct during sentencing, the second circuit's rationale for limiting the procedural bar of *Billy–Eko* persuade the Court to examine the merits of Macon's claim. Since Macon was represented by the same counsel at sentencing and on direct appeal, counsel would have been in the awkward position of arguing his own ineffectiveness at sentencing in order to preserve the issue on direct appeal.

■ Though in *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984), the Supreme Court states that the Court is not considering "the role of counsel in an ordinary sentencing, which may involve informal proceedings and standardless discretion in the sentencer, and hence may require a different approach to the definition of constitutionally effective assistance," *id.,* the *Strickland* standard has been used to evaluate the effectiveness of counsel in non-capital sentencing proceedings. *United States v. Kissick,* 69 F.3d 1048, 1054–56 (10th Cir.1995); *Durrive v. United States,* 4 F.3d 548, 550–51 (7th Cir.1993); *Spriggs v. Collins,* 993 F.2d 85, 87 (5th Cir. 1993). Therefore, to prevail on his ineffective assistance claim, Macon must show 1) that his sentencing counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064–65, and 2) that but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068.

■ The sole claim that gives rise to Macon's claim of ineffective assistance of counsel is that Macon's attorney failed to object to errors in his PSI. Failure to object to errors in Macon's PSI clearly had no effect on the judgment of the criminal proceeding. First, Macon raised articulate objections to all the contested matters of fact in his PSI. Second, as previously stated, Judge Stewart, after hearing all of Macon's objections to contested facts in his PSI, stated that when determining Macon's sentence, he would only rely on what he had learned about Macon during the trial. Even if all contested issues of fact had been removed from Macon's PSI, his sentence would have been the same. Therefore, the alleged deficiency of Macon's counsel did not result in prejudice. In order to show prejudice, Macon must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *United States v. Alli–Balogun,* 72 F.3d 9, 11 (2d Cir.1995). Macon, however, does not claim that the outcome of his sentencing would have been different had Macon's attorney objected to the errors in his PSI. Instead, he objects to the the possible adverse effect of errors in his PSI on his treatment in prison and on the terms of his parole.

Even if the phrase "outcome of the proceeding" were stretched to encompass the possible adverse effect of these errors after sentencing, Macon's claim of ineffective counsel would fail because there is no causal connection between his attorney's alleged errors and the inclusion of inaccurate statements in Macon's PSI. At sentencing Macon objected to all inaccuracies in his PSI. To find a causal connection between Macon's attorney's alleged errors and the outcome of the proceeding, the Court would have to find that had the objections to Macon's PSI been raised by Macon's attorney, instead of Macon himself, the outcome of the proceeding would have been different. There is no basis in the record, however, for such a finding.

For these reasons, the Court need not decide whether the failure to object to errors in Macon's PSI fell below an objective standard of reasonableness.

### Conclusions

For the reasons stated above, Macon's motion is denied, and the petition is dismissed.

SO ORDERED.