**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas MITTELSTEADT,
Defendant-Appellant.**

**No. 85–2319.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 12, 1986.

Decided April 22, 1986.

Thomas Mittelsteadt, pro se.

Lawrence O. Anderson, Asst. U.S. Atty. (Joseph P. Stadtmueller, U.S. Atty.), Milwaukee, Wis., for plaintiff-appellee.

Before POSNER, COFFEY, and RIPPLE, Circuit Judges.

PER CURIAM.

In 1983 the appellant pleaded guilty in a federal district court in Wisconsin to several counts of violating federal banking and fraud laws and was sentenced to prison for four years; he is currently in a federal prison in Minnesota. The presentence report stated that the violations had resulted in a loss of $3.3 million to the banks that were defrauded. The appellant did not ap-

peal from his conviction and sentence or from the denial of a motion to reduce sentence that he made later. But in 1985 he moved the district court to make a specific finding on the amount of loss caused by the fraud and, if the court found the loss to be less than $3.3 million, to correct the presentence report accordingly. The district court 614 F.Supp. 887, held that it did not have jurisdiction to act on the motion and therefore dismissed it, and the appellant appeals from the dismissal.

If he wanted to challenge the validity of his conviction or sentence on the ground that the judge had acted on the basis of erroneous information concerning the scale of the fraud, he could do so by filing a motion under 28 U.S.C. § 2255 in the sentencing court. The motion filed was filed in the sentencing court but we fail to understand how it can be interpreted as a motion under section 2255. Such a motion attacks the validity of the conviction or sentence and asks that the sentence be vacated or modified. All the appellant's motion asked was that the judge make a finding that might be helpful in correcting the presentence report. Although the appellant's brief questions the validity of the sentence, this challenge comes too late because it wasn't made in the district court. In any event, the record is clear that the judge did not base his sentence on the amount of the fraud; he expressly declined to make a finding on the amount at the sentencing hearing.

The real purpose of the appellant's motion appears to be to modify the terms of his imprisonment. He contends in particular that the Parole Commission is refusing to consider paroling him because of the magnitude of the fraud as revealed in the presentence report which he contends is inaccurate. We agree however with the Eighth Circuit's decision in a similar case, *United States v. Leath*, 711 F.2d 119 (8th Cir.1983), that the only court with jurisdiction of such a claim would be the federal district court where the movant is imprisoned. Section 2255 provides the procedure for challenging federal convictions and sentences; if a prisoner wants "out" for some other reason his remedy is habeas

corpus, *Coates v. Smith,* 746 F.2d 393, 396 (7th Cir.1984); and (with immaterial exceptions) the proper venue for the habeas corpus proceeding is the district where he is being held. See *Braden v. Thirtieth Judicial Circuit Court,* 410 U.S. 484, 500, 93 S.Ct. 1123, 1132, 35 L.Ed.2d 443 (1973). We add that the prisoner must exhaust his administrative remedies before the Parole Commission, see 28 C.F.R. § 2.19(c), before he is eligible for habeas corpus relief. See *Ruviwat v. Smith,* 701 F.2d 844, 845 (9th Cir.1983) (per curiam), and cases cited there. The appellant asserts that he has done so but provides no particulars. We express no view on whether, if the appellant were proceeding in the right court and had exhausted his administrative remedies, he would have a meritorious claim for habeas corpus.

Since the appellant is proceeding in the wrong court and (perhaps) without having exhausted his administrative remedies, the action of the district judge in dismissing the action was proper.

AFFIRMED.