UNITED STATES of America, Plaintiff,

v.

Yehuda DRAIMAN, Defendant.

No. 84 CR 950.

United States District Court,
N.D. Illinois, E.D.

Aug. 20, 1986.

Anton R. Valukas, U.S. Atty. by William Spence, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Patrick A. Tuite, Law Offices of Patrick A. Tuite, Ltd., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before the Court is defendant's motion, pursuant to Fed.R.Crim.P. 32(c)(3)(D), to amend presentence report and to change sentencing category 6 to category 4. For the reasons stated herein, defendant's motion is denied. However, the Court orders that a copy of this opinion is to be appended to the defendant's presentence report.

## I. FACTS

Defendant Yehuda Draiman was convicted by a jury of ten counts of mail fraud for his attempt to collect on fraudulent insurance claims. He was sentenced to four years incarceration on Count I, to be followed by five years probation on Counts II through X. The Seventh Circuit Court of Appeals affirmed his conviction. *United States v. Draiman*, 784 F.2d 248 (7th Cir. 1986).

On May 30, 1986, defendant filed a motion to reduce his sentence under Fed.R. Crim.P. 35(b). On June 18, 1986, the Court denied that motion in a short written order. On July 21, 1986, defendant filed this motion to correct his presentence report (PSI) and change his sentencing category from 6 to 4.

Defendant now alleges that his PSI contains inaccurate information regarding the amount of the fraudulent insurance claims. He asserts that the amount stated in the government's portion of the PSI, in excess of $1,000,000, ignores the final proof of loss submitted by defendant. Defendant submitted a sworn final proof of loss in the amount of $428,563 to his two insurance companies. Between his initial claim of $1,061,645.51 and his final proof of loss, defendant through his adjuster filed two reduced schedules of loss in the amounts of $896,103.89 and $779,714.38. All of the above information is set forth in defendant's portion of his PSI.

Defendant now contends that the Bureau of Prisons or the U.S. Probation Office relied on the $1,061,645.51 initial claim as the amount of the fraud. Since the amount of fraud relied upon exceeded $500,000, defendant's sentencing category is Category 6, which has parole guidelines from 40 to 52 months. Defendant concludes that the reliance on the initial claim in excess of

$500,000 to place him in sentencing category 6 is inaccurate and too severe. Defendant seeks correction of the actual amount of fraud proven at trial to $84,000 of fraudulently claimed losses. Therefore, defendant requests the Court to reduce his sentencing category to Category 4, which has parole guidelines from 14 to 20 months.

## II. DISCUSSION

■ Defendant raised the question of possible inaccuracies in his presentence report at his sentencing hearing. The Court reserved ruling on these alleged inaccuracies. The Court now turns to the requirements of Fed.R.Crim.P. 32(c)(3)(D).

When a defendant alleges inaccuracies in his or her presentence report, Rule 32(c)(3)(D) requires that the sentencing judge make written findings as to the allegations or a written determination that the disputed matters will not be relied upon for sentencing. *United States v. Eschweiler,* 782 F.2d 1385, 1387 (7th Cir.1986). *See also Kramer v. United States,* 788 F.2d 1229 (7th Cir.1986); *United States v. Hamm,* 786 F.2d 804 (7th Cir.1986). The rule also requires that these written findings or determinations be attached to the presentence report. *Eschweiler,* 782 F.2d at 1387.

For example, if the court finds that information in the report is unreliable or simply decides not to rely on the disputed facts in sentencing, by following Rule 32(c)(3)(D) that decision will become part of the presentence report. *Id.* This reduces the likelihood of later decisions being made on the basis of improper information. *Id.* Moreover, if the record does not clearly reflect whether or not the information was relied on, appellate courts or prison officials may make incorrect assumptions about the disposition of alleged inaccuracies. *Id.* at 1387–88.

In *Eschweiler,* the Seventh Circuit Court of Appeals held that a violation of Rule 32(c)(3)(D) does not require resentencing in every instance. *Id.* at 1390. *Contra United States v. Petitto,* 767 F.2d 607 (9th Cir.1985); *United States v. O'Neill,* 767 F.2d 780 (11th Cir.1985). The Seventh Circuit reasoned that "requiring resentencing when the record is clear that the sentencing judge did not rely on a contested matter does not further the purpose of Rule 32(c)(3)(D)." *Eschweiler,* 782 F.2d at 1390. However, the Seventh Circuit remanded the case "for attachment to the presentence report of a written determination that the contested facts were not relied upon in sentencing." *Id.* at 1391.

Recently, the Seventh Circuit has spoken on the adequacy of the written determination required by Rule 32(c)(3)(D). *Kramer v. United States,* 798 F.2d 192 (7th Cir. 1986) (*Kramer III*). In *Kramer III,* the district court had found, in a footnote, that it "neither considered the disputed statement in the presentence report when sentencing petitioner nor held against him that he may have owed taxes." *Kramer III,* at 195. The defendant in *Kramer III* had been convicted of failing to file tax returns and he disputed the amount which the IRS alleged that he owed. In *Kramer III,* as in this case, the amount of the offense was irrelevant to the defendant's conviction.

In the present case, the Court neither considered nor relied on the amount of the initial claim as contained in the government version in the presentence report. It is clear from the text of the sentencing hearing that the Court based its sentence on the defendant's lack of remorse and the seriousness of the offense. (Transcript of Proceedings, June 7, 1985, p. 63.) Therefore, the Court orders that a copy of this opinion, containing the above-written determination, is to be appended to the presentence report.

■ Finally, the defendant seeks a reduction in his sentencing category from Category 6 to Category 4. The Court has no jurisdiction under Rule 32(c)(3)(D) to change the defendant's sentencing category. *See United States v. Mittelsteadt,* 790 F.2d 39 (7th Cir.1986). If the Parole Board denies the defendant parole eligibility based on his sentencing category, Category 6, defendant may challenge that denial un-

der 28 U.S.C. § 2255 or under habeas corpus. *Mittelsteadt*, 790 F.2d at 40–41. The proper venue for either action is where the movant is imprisoned. *Id.* Therefore, the Court has no jurisdiction to reduce defendant's sentencing category.

## III. CONCLUSION

For the reasons stated above, defendant's motion to amend presentence report and to change sentencing category 6 to category 4 is denied. The Court orders that a copy of this opinion is to be appended to the presentence report.

IT IS SO ORDERED.