815 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rafael CONDE, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, a Delaware Corporation, Defendant-Appellee.
 No. 86-1884.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1987.
 
 Before JONES and GUY, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record on appeal and appellant's brief, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant seeks review of an order of the district court which dismissed his action for employment discrimination for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure. The district court took that action in consequence of appellant's appearance for trial on September 3, 1986, at which time he informed the court that he had not yet taken any steps necessary to secure the presence of witnesses on his behalf and requested a further delay in proceedings for such purposes.
 
 
 3
 A district court is vested with the authority to dismiss an action for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure. Dismissal for that reason, however, is a harsh sanction and should be applied only in those instances in which the plaintiff's conduct demonstrates a clear record of delay. Furthermore, on appeal this Court may disturb a district court's decision to dismiss for lack of prosecution only if it can conclude that such an action constitutes an abuse of discretion. Bishop v. Cross, 790 F.2d 39 (6th Cir.1986); Carter v. City of Memphis, Tennessee, 636 F.2d 159 (6th Cir.1980) (per curiam).
 
 
 4
 Examination of the record on appeal indicates that the district court did not violate that standard in this case. Appellant, with the assistance of retained counsel, initially filed his complaint in April, 1984. Nearly two years later appellant's counsel was given leave to withdraw and appellant undertook to represent himself. Consequently, in April, 1986, the district court entered an order postponing trial until the following September, with appellant receiving ample and continuous notice throughout the intervening months of the need to prepare for that event. Despite those admonitions, appellant appeared for trial at the scheduled time and, after allowing the selection of a jury, sought a further delay in proceedings so that he might begin to take the steps necessary to secure the presence of witnesses on his behalf. Under such circumstances, the district court's decision to dismiss appellant's complaint for want of prosecution clearly does not constitute an abuse of discretion.
 
 
 5
 It appears that the questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final judgment of the district court entered September 18, 1986, be and hereby is affirmed.