985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sammy BRYANT, Petitioner-Appellant,
v.
U.S. MARSHAL SERVICE, Respondent-Appellee.
 No. 91-3818.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 9, 1992.
Decided Feb. 9, 1993.
 
 Before POSNER and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Sammy Bryant sought a writ of habeas corpus under 28 U.S.C. § 2241 on October 8, 1991 in the District Court for the Western District of Wisconsin. He complains that while in local custody in Gallia County, Ohio from June 29, 1991 to August 14, 1991, a period of 46 days, he was actually being wrongfully held without a revocation hearing pursuant to a federal parole violator warrant, not local charges. He seeks to have his parole terminated, or be restored to parole supervision with dismissal of a detainer currently lodged against him, or in a further alternative to have his local custody time in Ohio applied as a credit against his remaining sentence. The district court denied the petition on the basis that Bryant was not held in Ohio on the parole violator warrant, only the Ohio local charge, so no time period for a preliminary interview or revocation hearing had commenced to run, citing Doyle v. Elsea, 658 F.2d 512 (7th Cir.1981). Bryant argues that Doyle is not applicable because in his case the parole violator warrant had been executed.
 
 
 2
 A brief look at Bryant's criminal problems may be helpful. In 1984 he was sentenced in the United States District Court for the Southern District of Ohio to a term of six years for possession of stolen bank funds. Two years later in 1986 he was granted his first parole, but two years after that his parole was revoked. In 1990 he was granted a parole for the second time, but shortly thereafter, in October, 1990, the Parole Commission issued a violation warrant with instructions for the United States Marshal Service to take custody of Bryant when found unless he was already in custody in which event the warrant would be lodged as a detainer.
 
 
 3
 In July of 1991 Bryant's probation officer advised the Commission that Bryant was in custody in Gallia County, Ohio. Later on August 14, 1991, the probation officer further advised the Commission ambiguously that Bryant was being held on the warrant filed as a detainer. The local authorities had an abbreviated record entry possibly suggesting Bryant was being held on the parole violator warrant. The Commission quickly determined, however, that Bryant was not in custody due to the execution of the warrant which was lodged in Ohio only as a detainer. By letter two days later, on August 16, 1991, the probation officer more fully advised the Commission that Bryant had been charged in Ohio with fraud in the use of a coin machine. The violator warrant was amended to include the new charges and filed as a detainer against Bryant in September, 1991, in Wisconsin where he was then being held on a federal warrant for criminal contempt.
 
 
 4
 Originally Bryant's petition was filed naming the Parole Commission as respondent, but somewhere along the line the United States Marshal Service became the respondent.
 
 
 5
 At oral argument Bryant's counsel claimed the Ohio incarceration is the focus of the petition where Bryant no longer is, but nevertheless argues it had some subsequent impact on his custody elsewhere. The government advises us that even to this day the violator warrant in question was never executed. In any event Bryant is not being held in the Western District of Wisconsin or elsewhere in this circuit, and there is, therefore, no jurisdiction to do anything about Bryant's current detention in Pennsylvania, or elsewhere, even if the merits suggested some relief was deserved which they do not. See 28 U.S.C. § 2241(a); United States v. Mittelsteadt, 790 F.2d 39, 41 (7th Cir.1986) (per curiam).
 
 
 6
 The case is therefore remanded to the district court to be dismissed for lack of jurisdiction.