81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tony FISH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3681.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1996.*
Decided March 27, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Tony Fish brought this petition pursuant to 28 U.S.C. § 2255 to correct allegedly inaccurate information in his presentence investigation report (PSR). He does not complain that his sentence is illegal but that the Parole Commission has used the inaccurate information as a basis to deny him parole. See Petitioner's Brief at 9. Because he challenges the execution of his sentence and not the legality of the sentence, § 2255 does not confer jurisdiction over his claim. See 28 U.S.C. § 2255, Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 1 Advisory Committee Notes ("The challenge of decisions such as the revocation of probation or parole are not appropriately dealt with under 28 U.S.C. § 2255, which is a continuation of the original criminal action. Other remedies, such as habeas corpus, are available in such situations.").
 
 
 2
 Habeas corpus is the proper remedy for challenging the information in his presentence report. 28 U.S.C. § 2241; United States v. Mittelsteadt, 790 F.2d 39, 40-41 (7th Cir.1986) (citing Coates v. Smith, 746 F.2d 393, 396 (7th Cir.1984)). However, Fish's petition fails to meet the requirement of habeas corpus law; his habeas corpus petition must be directed to the person having custody of Fish, 28 U.S.C. § 2243, and filed in the district court where Fish is incarcerated. Mittelsteadt, 790 F.2d at 41 (citing Braden v. Thirtieth Judicial Circuit Court, 410 U.S. 484, 500, 93 S.Ct. 1123, 1132 (1973)). The record indicates that Fish is currently incarcerated at the Federal Correctional Institution in Littleton, Colorado. Because Fish named the wrong party as respondent and because the district court lacked personal jurisdiction over Fish's custodian,[1] we must vacate the district court's judgment and remand with instructions to dismisss for lack of personal jurisdiction.
 
 
 3
 We note that should Fish want to pursue his petition in Colorado, he first must exhaust his administrative remedies before the Parole Commission before seeking habeas corpus relief. Mikolon v. United States, 844 F.2d 456 (7th Cir.1988) (citing Mittelstadt 790 F.2d at 41); see also 28 C.F.R. § 2.19(c) (allowing a prisoner to contest the accuracy of the information presented to the Parole Commission).
 
 
 4
 VACATED AND REMANDED WITH INSTRUCTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The district court summarily dismissed Fish's petition before the United States filed an answer