124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Laura GRAVES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-1185.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 21, 1997.*
Decided Aug. 29, 1997.
Rehearing Denied Sept. 23, 1997.
 
 Appeal from the United States District Court for the Northern District of Ilinois, Eastern Division, No. 95 CR 6; George W. Lindberg, Judge.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Laura Graves pleaded guilty to one count of mail fraud and was sentenced to serve a term of imprisonment of 27 months. As had been outlined by the terms of the plea agreement, Graves requested (and the government did not oppose the request) that she be allowed to serve her sentence in the Intensive Confinement Center ("ICC"), a military style boot camp that would allow release after six months. The judge, in imposing sentence, did recommend that she serve her time in such a program. Despite the court's recommendation, the Bureau of Prisons did not accept Graves into the ICC program. Thus, she is currently serving her 27-month term in a traditional prison setting, and is not eligible for the much shorter term that would apply if she had been sent to the ICC.
 
 
 2
 By the time that she learned that she was not being placed in the boot camp, the time for Graves to file an appeal had passed. Graves brought a motion pursuant to 28 U.S.C. § 2255, claiming that under the terms of her plea agreement she was entitled to be placed in the ICC program as long as the sentencing judge recommended such placement. As a separate claim, she asserted that her guilty plea was not valid because she received ineffective assistance of counsel because one of her attorneys was under disciplinary suspension for the first two months that he represented her. Graves appeals. We remand in part with directions to dismiss, and reverse and remand in part for further proceedings.
 
 
 3
 We first address Graves' argument that she was entitled to serve her sentence in boot camp based upon the sentencing judge's recommendation. The district court did not have jurisdiction under § 2255 to provide the remedy Graves sought regarding her placement in boot camp. This provision is limited to cases in which the petitioner is challenging the validity of her conviction or sentence. United States v. Mittelsteadt, 790 F.2d 39, 40 (7th Cir.1986) (per curiam ). In the present case, Graves challenges neither. Her argument is that the Bureau of Prisons has not correctly carried out her sentence, and that it has breached the plea agreement. The proper manner for Graves to challenge the Bureau of Prisons' execution of her sentence is by filing a petition for a writ of habeas corpus, 28 U.S.C. § 2241, not a motion under 28 U.S.C. § 2255. Coates v. Smith, 746 F.2d 393, 396 (7th Cir.1984). In such a case, the proper venue is not the court that rendered the original sentence, but the district in which the prisoner is being held, which in this case would be the Central District of Illinois. Braden v. Thirteenth Judicial Circuit Court, 410 U.S. 484, 500 (1973). Moreover, Graves must exhaust her administrative remedies before bringing such a petition. Mittelsteadt, 790 F.2d at 41.[1] As such, we vacate this portion of the case and remand to the district court with directions to dismiss for lack of.jurisdiction.
 
 
 4
 We now address Graves' claim that she did not knowingly and voluntarily enter her plea because she received ineffective assistance of counsel. Unlike the "boot camp" claim, this claim was properly brought pursuant to § 2255, In addition, it was proper for Graves to bring this claim by means of a § 2255 motion notwithstanding the fact that she did not take a direct appeal. See United States v. Duarte, 81 F.3d 75, 77 (7th Cir.1996).
 
 
 5
 Our examination of the transcript of the change of plea hearing indicates that Judge Lindberg did a thorough job in following the dictates of Federal Rule of Criminal Procedure 11 and making sure that Graves understood the terms and consequences of her plea. Moreover, we believe that Graves did understand the rights she was foregoing by pleading guilty and the potential liabilities that would be imposed if the judge accepted her plea. However, although a knowing and voluntary guilty plea serves to waive all but jurisdictional challenges, a claim that counsel was ineffective in representing a defendant during the course of a plea agreement can serve to undermine the knowing and voluntary character of the plea. United States v. Alvarez-Quiroga, 901 F.2d 1433, 1437 (7th Cir.1990). In some cases, a Rule 11 hearing may serve to remove the taint of ineffective counsel, thereby preventing a defendant from subsequently challenging her guilty plea. Cf. United States v. Messino, 55 F.3d 1241, 1248 (7th Cir.1995) (defendant who states that she is knowingly and voluntarily pleading guilty faces an uphill battle). More specifically, if the defendant alleges that counsel was deficient by failing to explain the effect and consequences of a guilty plea, a district judge may prevent the defendant from being prejudiced by his attorneys performance by making sure that the defendant is fully informed before accepting his plea.
 
 
 6
 In this case, however, Graves' claim that one of her attorneys, Thomas Royce, was ineffective because he was under disciplinary suspension at the time he undertook representation cannot be cured by the Rule 11 hearing. (Graves does allege counsel was ineffective for reasons beyond the suspension, but we reject this aspect of her claim.) First, it is an open issue in this circuit as to whether disciplinary suspension renders counsel ineffective per se, such that the defendant need not show prejudice in order to obtain relief. Cases in this and other circuits have indicated that suspension from the bar is not always ineffectiveness per se. However, we have not squarely faced (and have found no cases from other circuits that have either) the circumstances presented here: an attorney who knew he was suspended for disciplinary reasons by the court in which the defendant was being prosecuted. Rather, the cases have dealt with situations such as an attorney being suspended due to the non-payment of dues, Reese v. Peters, 926 F.2d 668, 670 (7th Cir, 1991), an attorney who was being investigated by the Illinois Attorney Registration and Disciplinary Commission, Bond v. United States, 1 F.3d 631, 636 (7th Cir.1993), and an attorney who was disbarred without his knowledge. Waterhouse v. Rodriguez, 848 F.2d 375, 382-83 (2d Cir.1988). The present scenario resembles the situation in which counsel is under an actual conflict of interest, which is grounds for relief without a showing of prejudice, Strickland v. United States, 466 U.S. 668, 692 (1984), more than it resembles the cases just cited. We do not now reach a conclusion on this matter (and depending upon the findings of the district court may not have to), but flag it as a potential source of concern in the instant case.
 
 
 7
 Second, even if Graves must show prejudice to obtain relief, she might be able to show prejudice of the nature not curable by a Rule 11 hearing. In order to show prejudice in an ineffective assistance of counsel claim, the defendant must show that but for the allegedly deficient performance the result of the proceeding likely would have been different Strickland, 466 U.S. at 696; Messino, 55 F.3d at 1252, and that the attorney's errors rendered the proceeding fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Here, Graves argues that because one of her attorneys was under disciplinary suspension at the time that he undertook representation, he was afraid to vigorously represent her interests and therefore preferred the non-adversarial outcome of a plea agreement to the conflict of a trial. Graves claims that because he sought a particular result from the outset, her attorney misrepresented to her the pros and cons of her case, presenting an overly negative view of her chances of acquittal if she went to trial, and negotiating a less favorable plea agreement than he would have if he were not under disciplinary suspension at the time he undertook representation. Nothing that the district judge said at the change of plea hearing could "undo" the harm to her position she alleges resulted from her attorneys deficiencies.
 
 
 8
 The attorney in question, Thomas Royce, was not Graves' only attorney. At the time he was under suspension, Graves was also represented by William Hedrick, who was in fact her attorney of record at that time. However, as the district court noted in its order, the record does not disclose the extent to which Hedrick participated in the plea negotiations. If Hedrick had sufficient involvement, than Graves' claim will be defeated. Royce might not have been functioning as counsel, but if Hedrick was, then Graves' Sixth Amendment right to counsel will not have been violated. If the court, however, concludes that Hedrick's involvement was not such that Graves received effective assistance, it should next decide whether Graves suffered actual prejudice from Royce's being on suspension during a portion of his representation. It is only if the court answers this question in the negative that it need broach the open question of whether Graves is entitled to relief even without a showing of prejudice.
 
 
 9
 Reversed in Part and Remanded for Further Proceedings, and Vacated in Part Remanded in Part with Directions to Dismiss for Lack of Jurisdiction.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 We note that the district court's conclusion on the merits of the issue regarding the Bureau of Prisons' failure to follow the recommendation that Graves be placed in boot camp was correct, and had the district court had jurisdiction we would have affirmed on appeal