**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Victor RIVERA, Defendant–Appellant.**

No. 02–2158.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 18, 2003.*

Decided Feb. 18, 2003.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Sentencing Guideline § 5G1.3 gives judges discretion in fashioning an appropriate sentence when a defendant is already serving a federal or state term of imprisonment. In the present case, Victor Rivera was serving a 23–year Illinois sentence for drug trafficking when he pleaded guilty to a similar federal charge. The sentencing judge determined the applicable imprisonment range to be 135–168 months. She indicated that she wanted to sentence him at the low end of that range, and initially pronounced a sentence of "135 months, with 42 months of that term to run consecutive to the conclusion of [his] state sentence." A question arose, however, as to whether this partially-concurrent, partially-consecutive sentence included the good-time credit that Rivera had already accrued in his state sentence. Emphasizing that her "desire is that Mr. Rivera spend an extra 42 months in federal custody than he would in state custody," and calculating that he was still due to serve 105 months on his state sentence, the judge eventually sentenced Rivera "to be imprisoned for a term of 147 months concurrent to [his] unexpired state sentence." She expected that this would "result in three and a half more years in custody ... above and beyond the state sentence."

Two and a half years later, for reasons not specified in the record, Rivera's state conviction and sentence were overturned. Already in federal custody by court order, he was resentenced by the state court *in absentia* to a term of 15 years on June 4, 1999, was paroled on July 23, 1999, and was discharged from parole on July 3, 2002.

The federal sentencing court appears not to have anticipated a reversal of Riv-

era's state sentence, nor clearly to have considered the possible effect of parole on that sentence. Given these changes, however, Rivera now believes that because the sentencing judge wanted him to serve 42 months beyond his state sentence, his federal sentence should be understood to end 42 months after his July 1999 parole, or in January 2003 – for a total federal sentence of 96 months. The Bureau of Prisons, on the other hand, continues to compute Rivera's term according to the 147–month figure pronounced by the court and included in the court's written judgment. Believing that this will improperly result in his spending more than 85 months in federal custody beyond his state sentence, Rivera reportedly consulted with Dorothy Normann, a Legal Instruments Examiner with the BOP. According to Rivera, Ms. Normann read his sentencing transcript and advised him that the BOP could not act on his interpretation of the sentence without a revision of the judgment to conform to the transcript.

Rivera subsequently filed with the sentencing court in the Northern District of Illinois a "Petition for a *Nunc Pro Tunc* Order to Clarify Defendant's Sentence." The district court interpreted the petition as a request for correction of sentence under Rule 35(c) of the Federal Rules of Criminal Procedure. The court noted, however, that Rule 35(c) allows such a correction only within seven days of the sentence's imposition. The court also considered Rule 36, which allows corrections of clerical mistakes to be made at any time, but found that no clerical error had been made. The court therefore denied Rivera's petition.

The district court is correct that relief is unavailable to Rivera under either Rule 35 or Rule 36. But Rivera is not asking for a correction of his sentence, nor is he alerting the court to a supposed clerical mistake. (Nor, incidentally, is he attacking the validity of his sentence under 28 U.S.C. § 2255.) Rather, his claim is that the district court's sentence–which he understands, based on the sentencing judge's pronouncements, to have been for a term of 42 months beyond his state sentence–is being improperly executed by the BOP. His petition should therefore have been construed as a petition for habeas corpus under 28 U.S.C. § 2241. *See Romandine v. United States,* 206 F.3d 731, 736 (7th Cir.2000). But because such a petition must be brought in the district of confinement, *see United States v. Mittelsteadt,* 790 F.2d 39, 41 (7th Cir.1986), which in Rivera's case appears to be the District of Minnesota, the district court lacked jurisdiction to rule on the merits of his claim. We therefore do not comment on the validity of Rivera's contention, but in order not to foreclose the possibility of his raising it within a court of competent jurisdiction (after exhausting his administrative remedies with the BOP, if he has not already done so), we modify the judgment to be a dismissal without prejudice for lack of jurisdiction.

Finally, we note Rivera's argument that 18 U.S.C. § 3742 and 28 U.S.C. § 2106 allow this court to direct that the district court issue the requested order. We note simply that although these two sections secure our appellate jurisdiction over the district court's order in this case, they give us no more authority than the district court had to address the substance of the claim he presents.

AFFIRMED AS MODIFIED.