**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**June 16, 2008**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID PAUL STORM,

Defendant-Appellant.

No. 07-4179

District of Utah

(D.C. No. 1:01-CR-4 TS)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY** and **McCONNELL**, Circuit Judges.

---

On January 17, 2001, Petitioner David Storm was charged by indictment

with two counts of being a felon in possession of a firearm and ammunition in

violation of 18 U.S.C. § 922(g)(1). At the time of the indictment, Mr. Storm was

incarcerated in a Utah state prison. He was brought before the United States

District Court for the District of Utah on a writ of habeas corpus in May of 2001,

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and he subsequently pleaded guilty to the unlawful transportation of firearms by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). The court sentenced him to 110 months' imprisonment to run concurrently with a previously imposed state sentence, followed by 36 months' supervised release.

In January of 2006, Mr. Storm filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Because he filed his petition after the one-year statute of limitations expired, the court dismissed it. In the alternative, the court found that his claims were meritless.

In June of 2007, Mr. Storm filed a petition entitled "Motion to Clarify Sentence Description On Judgment In A Criminal Case." He argued that he was entitled, under the sentence imposed by the federal district court, to credit for his time served dating back to August 21, 2000—the date he was received into state custody. The Bureau of Prisons had calculated his credit for time served from August 14, 2001—the date he was sentenced in federal court. Construing his motion as a petition under 28 U.S.C. § 2241, the district court dismissed it without prejudice because it was not filed in the "district where [Mr. Storm] is currently confined." R. Vol. I, Mem. & Order, at 2 (internal quotation marks omitted). Mr. Storm then filed a motion for reconsideration, arguing that he was not asking for a review of the Bureau of Prison's calculations, but rather a "clarification of what ha[d] already occurred during his sentencing hearing," so that the "oral sentence imposed by" the sentencing court could be "put[] into

effect." R. Vol. I, Motion for Reconsideration, at 1–2. The district court, in a longer opinion, again denied Mr. Storm's petition. He now appeals from this denial.

Before reaching the merits, we must determine how to construe Mr. Storm's habeas petition. Though his argument is not entirely clear, we best understand it as a request for a *nunc pro tunc* order effectuating what he believes to be the sentencing court's oral judgment. His claim, then, is not that his conviction and sentence were improper, which would fall within 28 U.S.C. § 2255, but that his sentence, as he understands it, is being improperly executed by the Bureau of Prisons. This falls squarely within § 2241. *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) ("a challenge to the execution of a sentence should be brought under 28 U.S.C. § 2241."). "Requests for sentence credit, or for recalculation of time yet to serve . . . must be presented to the Attorney General (or [his] delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241 . . . ." *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

A petition brought under 28 U.S.C. § 2241 "must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also* 28 U.S.C. § 2241(d); *United States v. Mittelsteadt*, 790 F.2d 39, 41 (7th Cir. 1986); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986). In Mr. Storm's case, this is the District of Colorado. He filed his § 2241 petition

in the District of Utah, which lacked jurisdiction to rule on the merits of the claim. The district court's original dismissal without prejudice was therefore appropriate, and so we must vacate the district court's subsequent response to Mr. Storm's motion for reconsideration, which it decided on the merits. The district court is directed to dismiss the petition without prejudice, so that Mr. Storm can refile his petition in a court of competent jurisdiction.[1]

The judgment of the United States District Court for the District of Utah is **VACATED** and the case is **REMANDED** for further proceedings in accordance with this opinion.

Entered for the Court,

Michael W. McConnell
Circuit Judge

---

[1]We remind Mr. Storm that he must exhaust his administrative remedies with the BOP, if he has not already done so.