NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2013[*]
Decided November 15, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2117

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:07-CR-75-TLS |
| ROBERT DAWSON, | |
| *Defendant-Appellant.* | Theresa L. Springmann, *Judge.* |

## O R D E R

Robert Dawson, a federal prisoner, appeals from the denial of his motion requesting credit for time he spent in federal detention before he started his federal

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

sentence and for time he already served in state prison. Because the district court correctly determined that it lacked authority to grant Dawson's request, we affirm.

After Indiana authorities arrested Dawson in 2006 for rape and battery, he pleaded guilty to battery. While he awaited sentencing for the state offense, the federal government charged him with armed robbery and aiding and abetting an offense against the United States. *See* 18 U.S.C. §§ 2113(a), (d); 2(a). The district court issued a writ of habeas corpus prosequendum, ordering Indiana authorities to produce Dawson for his federal prosecution. Once in federal court, Dawson pleaded guilty in November 2007 to armed bank robbery. Under the terms of his plea agreement, Dawson agreed to "waive my right to appeal or contest my conviction and my sentence . . . or the manner in which my conviction or my sentence . . . was determined or imposed." The court sentenced Dawson to the custody of the Bureau of Prisons for "112 months" in a "federal facility."

Dawson's service of his federal sentence was delayed. After federal sentencing, he returned to state court where he was sentenced to three years' imprisonment on the battery charge. He completed his state sentence on February 25, 2010, and was then transferred to the Bureau of Prisons to begin serving his federal sentence. Once in federal prison, Dawson asked the Bureau to credit him three years on his federal sentence for the time he spent in state prison serving his state sentence. The Bureau sought input from the district court about Dawson's request, and it recommended that the Bureau deny Dawson's request. The court explained that it had intended for Dawson to serve his federal sentence after any state sentence. The Bureau denied Dawson's request, and as far as the record shows, Dawson did not administratively appeal the denial.

More than four years after he asked the Bureau to give him the credit, Dawson moved the federal sentencing judge to correct his federal sentence to reflect credit for time served. Repeating his assertion to the Bureau, he argued that the district court intended him to serve his federal sentence at the state facility, so he should receive credit for his time there. He also added that the district court had ruled that it would credit him for the time he spent in federal detention before his sentence for the federal crime. The district court denied Dawson's motion, reasoning that it had not ordered Dawson's federal sentence to run concurrent to his state sentence. The court also admonished Dawson that requests for credit for time served must be exhausted at the Bureau. Only after Dawson fully exhausts his remedies with the Bureau, the court continued, may he seek judicial review of the computation.

On appeal Dawson maintains that the district court should correct his sentence to credit him for his pre-sentencing time in federal detention or for time served on his state sentence before he began serving his federal sentence, or both. The government counters with the threshold argument that Dawson's appeal waiver bars this appeal. But a motion asserting that a defendant was deprived of credits towards his sentence challenges the execution of the sentence, not its imposition. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). And Dawson waived his right to appeal only the latter. Thus Dawson's challenge does not fall within the scope of the appeal waiver.

Nonetheless, the district court correctly rejected Dawson's motion. First we address Dawson's argument that he should receive credit for the time he served in federal detention before his federal sentence. The Attorney General, through the Bureau, has the sole authority to award credit for time served in federal detention before the start of the sentence. 18 U.S.C. §§ 3585(b), 3621(b); *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992). Before challenging the Bureau's decision in federal court, Dawson must first exhaust his administrative remedies, including an administrative appeal, before the Bureau. *See* 28 C.F.R. §§ 542.10, 542.13–.15; *Wilson*, 503 U.S. at 335. He has not done so. Only after he has exhausted those remedies may Dawson seek review from a district court, by filing a petition under 28 U.S.C. § 2241. *See Koller*, 956 F.2d at 1417. Even then, the petition must be filed in the district where Dawson is incarcerated, against the warden of his prison. *See al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004); *Samirah v. O'Connell*, 335 F.3d 545, 551 (7th Cir. 2003); *United States v. Mittelsteadt*, 790 F.2d 39, 40 (7th Cir. 1986). Because Dawson is currently incarcerated in Atwater, California, after he exhausts he may file a petition under 28 U.S.C. § 2241 only against the warden of his prison in the appropriate federal district court in California.

For similar reasons, the district court correctly rejected Dawson's argument that the court intended him to serve his federal sentence at the state prison, and so he should receive federal credit for his state sentence. Just as with crediting a prisoner for pre-sentencing time served, the Bureau has the sole authority to designate the place of imprisonment. *See* 18 U.S.C. § 3621(b). And again Dawson has not exhausted his administrative remedies to challenge the Bureau's designation that he serve his federal sentence at a federal facility. Moreover, the Bureau's designation also respects the sentencing court's judgment that Dawson serve his sentence at a "federal facility."

Accordingly, we **AFFIRM** the judgment of the district court.