NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2015[*]
Decided October 23, 2015

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-1494 | Appeal from the United States District Court |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:08-CR-00077(01)RM |
| ERNIE M. BRAGG, *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge*. |

**O R D E R**

Ernie Bragg pleaded guilty to distributing crack cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to 120 months' imprisonment. At sentencing the district court adopted the presentence investigation report, including the probation officer's recommendation that Bragg receive an upward adjustment under U.S.S.G. § 2D1.1(b)(1), which provides for a two-level increase "[i]f a dangerous weapon (including a firearm) was possessed." The probation officer recounted that several persons who had bought crack from Bragg told federal agents that they had seen him with a gun. Bragg did not object to the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

presentence report, nor did he file a direct appeal. Five years later in December 2014, Bragg filed what he characterized as a "petition to amend" the presentence report "under habeas challenge to effectuate and remove erroneous and false documentation." Bragg asserts that references to him having a gun are inaccurate, and he asks in his petition that the district court order those references removed from the report. Bragg explains that the mention of guns in the report has adversely affected his security classification and will bar his eligibility for early release after he completes a drug-treatment program. *See* 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55(b)(5)(ii). The district court denied Bragg's motion with the explanation that objections to a presentence report cannot be made after sentencing. That generalization is not entirely accurate, although it is in this instance, and we agree with the district court that granting relief on Bragg's petition would not have been appropriate.

The Bureau of Prisons uses the information in presentence reports for several purposes, including calculating credit for time served and designating inmate classifications. *See* FED. R. CRIM. P. 32 advisory committee note (1983); U.S. Dept. of Justice, Federal Bureau of Prisons, Program Statement P5100.08—*Inmate Security Designation and Custody Classification*, Ch. 3 (Sept. 12, 2006), www.bop.gov/policy/ progstat/5100_008.pdf. This is why Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure requires that sentencing courts either resolve disputed matters in a presentence report or make explicit on the record that the dispute will not affect the choice of sentence. *See United States v. Brown*, 716 F.3d 988, 993–94 (7th Cir. 2013). This rule promotes the accuracy of presentence reports, yet mistakes that could affect the execution of a defendant's sentence might still remain. And as we have recognized, a federal inmate who believes that inaccuracies in his presentence report are adversely affecting the execution of his sentence may file a petition under 28 U.S.C. § 2241 seeking correction of the presentence report. *See Johnson v. United States*, 805 F.2d 1284, 1291 (7th Cir. 1986); *United States v. Mittelsteadt*, 790 F.2d 39, 40–41 (7th Cir. 1986); s*ee also Lopez v. Davis*, 531 U.S. 230, 236 (2001) (challenging Bureau of Prison's determination of ineligibility for early release based on information in presentence report by filing petition for writ of habeas corpus under § 2241). That is how we understand Bragg's petition, which, in fact, incorporates the word "habeas" in the lengthy title.[1]

---

[1] The government incorrectly asserts that Bragg's waiver of his direct appeal from his conviction and sentence forecloses his motion. To the contrary, Bragg's appeal waiver relates to the *imposition* of his sentence, not the *execution*. *See Gray-Bey v.*

Still, the district court could not have granted relief, or even evaluated the merits of Bragg's petition, because he filed in the wrong court. A § 2241 petition must be filed in the district of confinement, *Mittelsteadt*, 790 F.2d at 41, and Bragg is incarcerated in the Southern District of Illinois, not the Northern District of Indiana where he was prosecuted. Thus, the district court should have dismissed the petition rather than deny it. *See al-Marri v. Rumsfeld*, 360 F.3d 707, 710 (7th Cir. 2004); *Middlesteadt*, 790 F.2d at 41. Moreover, Bragg should have named his custodian, not the United States, as the respondent. *See* 28 U.S.C. § 2243. Accordingly, we affirm the disposition, as modified to reflect a dismissal without prejudice.

We also note that Bragg's petition appears to be premature: If he wishes to challenge a Bureau of Prison's determination regarding eligibility for early release, he must first exhaust his administrative remedies with the Bureau. *Mittelsteadt*, 790 F.2d at 41; *United States v. Tindall,* 455 F.3d 885, 888 (8th Cir. 2006). The Bureau of Prisons provides administrative remedies pursuant to 28 C.F.R. §§ 542.10–542.19. If Bragg is unable to obtain a satisfactory result from the Bureau of Prisons, he will then be able to bring a § 2241 action naming the warden having custody over him, *see* 28 U.S.C. § 2243, in the district where he is incarcerated, *see Mittelsteadt*, 790 F.2d at 41.

AFFIRMED AS MODIFIED.

---

*United States*, 209 F.3d 986, 990 (7th Cir. 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).